## JEWETT *v.* TALBOTT, Auditor of State.

The docket-fees of the prosecuting attorney allowed by law in the Circuit Court, are payable out of the state treasury.

APPEAL from the *Marion* Circuit Court.

DAVISON, J. — This was a motion for a writ of mandate against *Talbott,* the auditor of state. The motion is founded upon a complaint in the form of an affidavit, wherein it is shown, substantially, that *Jewett,* being the prosecuting attorney of the second judicial circuit of this state, had, as such, prosecuted the pleas of the state in eleven criminal cases, in nine of which there were pleas of guilty, in two, pleas of not guilty, and in all of them, the defendants were, severally, convicted and adjudged to pay the costs, &c. The complaint avers that, for the services so performed, *Jewett* was and is entitled to 2 dollars, 50 cents, in each of the cases wherein there was a plea of guilty; and 5 dollars in each case where the defendant pleaded not guilty—making, in the aggregate, 32 dollars, 50 cents— which, it is alleged, he is entitled to receive out of the state treasury. And, further, it is averred that *Jewett,* on the 1st of *March,* 1856, presented an account for the above services, duly proved and authenticated, to said auditor, at

his office, who refused to audit the same, upon the alleged ground that the law did not allow its payment, &c.

Defendant, in his answer, concedes the performance of the services, as stated in the complaint; but avers that he ought not to be compelled to audit the plaintiff's account, because there is no law authorizing or requiring him to do so. Upon final hearing, the Court refused the motion.

The only question to settle is, are the docket-fees payable out of the state treasury? We have a statute which says:

"There shall be allowed to the several officers of government and persons hereinafter mentioned the following annual salaries, to be paid quarterly out of any moneys in the treasury belonging to the general fund, and not otherwise specially appropriated by law, that is to say:

  *   *   *   *   *   *   *

To the prosecuting attorneys of the several judicial circuits, 300 dollars each, and docket-fees allowed by law in the Circuit Court." 1 R. S. p. 433, § 1.

This provision is very explicit. No room is left for construction. It specifically directs the docket-fees allowed by law, as well as the annual salary of 300 dollars, to be paid out of the treasury. And we must so hold; because we know of no law which, either in terms or effect, conflicts with the one to which we have referred. The statute which regulates the fees of officers, points out the docket-fees allowed in the Circuit Court, but makes no provision whatever for their payment. Hence, if the state does not pay them, they are not at all collectable. Section 6 of that statute declares that, "In all criminal prosecutions where the person accused shall be acquitted, no costs or fees shall be charged against such person, nor against the state or county, for any services rendered in such prosecution by any clerk, sheriff, coroner, justice of the peace, constable, or witness; but in all cases of conviction, such fees and costs shall be taxed and collected as in other cases, from the person convicted." Id. pp. 288, 291. See, also, Acts of 1855, p. 113, § 25.

Nov. Term,
1858.

This section fails to authorize the taxation of the attorney's docket-fee against the convicted defendant, and is, therefore, consistent with the law which requires it to be paid out of the state treasury. Indeed, its silence in relation to such fees, allows the inference that the legislature intended the state to pay them.

*Per Curiam.*—The judgment is reversed with costs, and it is ordered that the writ of mandate be issued.

*E. Dumont, O. B. Torbet,* and *P. H. Jewett,* for the appellant.

*J. E. McDonald,* attorney general, for the state.