TULEY v. THE CITY OF LOGANSPORT

CITY.—*City Attorney.*—*Docket Fees.*—Docket fees, to which, under section 30 of the act of March 14th, 1867, for the incorporation of cities (1 Rev. Stat. 1876, p. 280), a city attorney is entitled, in prosecutions commenced before the mayor or city judge, for violations of city ordinances, are not to be paid by the city, but are to be charged up as costs against the defendants, on pleas of guilty or on convictions on pleas of not guilty.

SAME.—*Judgment Paid by Manual Labor.*—Where persons convicted of vio-

Tuley *v.* The City of Logansport.

lations of ordinances of a city incorporated under said general law for the incorporation of cities, from whom docket fees are therefore due to the city attorney, are adjudged, in default of paying or replevying the judgments and costs, to pay the same by manual labor, and do, accordingly, work out the judgments and costs, under the provisions of section 20 of said law, the city does not thereby become bound to the city attorney for the docket fees thus paid by manual labor.

From the Cass Circuit Court.

*J. T. Tuley*, for appellant.

*D. C. Justice*, for appellee.

WORDEN, C. J.—Action by the appellant against the appellee. Complaint in five paragraphs. Demurrer to each for want of sufficient facts sustained, and exception. Judgment for defendant.

The demurrer exaggerates the number of paragraphs, for it is addressed severally to each paragraph, numbered from one to seven inclusive. Perhaps, however, there may have been two more paragraphs in the complaint, which were abandoned and therefore not sent up here.

We take the following statement of the substance of the different paragraphs from the brief of counsel for the appellant:

"In substance, the first paragraph states that Maurice Winfield was acting city attorney from July 26th, 1873, to November 3d, 1873, inclusive, and that he was entitled to one hundred dollars, docket fees during that period in cases prosecuted to final judgment for violations of city ordinances; that such fees were taxed up as costs in the cases; the defendants, having failed to pay or replevy judgments and costs, were committed to the county jail, and a work order issued to the street commissioner, as required by said section 20, directing him to work said defendants until the fines and costs were paid; that the street commissioner did work them until the fines and costs were paid; that the same were paid defendant; that said fees were, on January 29th, 1875, assigned by Winfield to plaintiff, who demanded same of defendant; avers a refusal, and money due and unpaid.

"Second paragraph same as first, except it avers that the city judge committed parties to jail until they satisfied the fines, either by work and labor on the streets, or imprisonment inside the jail; that they did satisfy same by imprisonment, work and labor; and their discharge from custody in consequence of so paying same.

"The third paragraph avers, parties satisfied fines and costs by imprisonment, and in consequence of such payment were discharged from custody.

"The fourth paragraph alleges defendant is indebted to plaintiff in one hundred and sixty-eight dollars, for attorney's fees in suits in favor of defendant and against parties for violations of city ordinances, as provided by section 30, *supra*; that such services were rendered by plaintiff as the acting deputy of Winfield; avers assignment of account, etc.

"The fifth paragraph avers that Winfield, as city attorney, prosecuted eighty persons; sixty pleaded guilty, and twenty not guilty. In the former, he was by law allowed a fee of two dollars, and in the latter four dollars, and for all two hundred dollars; avers assignment of fees to plaintiff; that such fees are due from defendant and unpaid to plaintiff."

The counsel for the appellant, as we understand the printed brief, insists upon two propositions, which we will state inversely to the order in which we find them in the brief:

1. That the city attorney is entitled to the docket fees, which are to be paid by the city, and not by the defendants, in the prosecutions before the mayor or city judge. They say, speaking of the fourth and fifth paragraphs:

"Under these paragraphs we shall claim a right to the docket fees in the first instance, that the obligation to pay them is upon the appellee, and not the defendants in the city court, and that unless they be paid by the appellee they could not be collected from any one."

In support of this proposition, the case of *Jewett* v. *Talbott*, 11 Ind. 298, is cited. We think the proposition entirely

untenable. The 30th section of the act of March 14th, 1867, on the subject of the incorporation of cities, 1 Rev. Stat. 1876, p. 280, provides, that the city attorney "shall prosecute all actions in favor of the city, and defend all actions brought against such city for any cause, *but in no case shall the city be liable for costs.*"

The section then goes on to provide, that in prosecutions before the mayor or city judge, for violations of city ordinances, and on appeals in such cases, the city attorney shall be entitled to certain docket fees, differing in amount as the plea may be "guilty" or "not guilty."

The implication is irresistible that, as the city is not liable for costs, the docket fees are to be charged up as costs against the defendants in such prosecutions, on pleas of guilty, or on convictions on pleas of not guilty. The case cited from 11 Ind., *supra*, is not in point. There, as the law was construed, it was expressly provided that the docket fees should be paid out of the treasury, and there was no provision for their payment elsewhere.

The court said, in speaking of the statute:

"It specifically directs the docket fees allowed by law, as well as the annual salary of three hundred dollars, to be paid out of the treasury."

Here, there is not only no provision that the docket fees shall be paid out of the city treasury, but there is a direct provision that the city shall not be liable for costs, thus implying that they are to be paid by the parties convicted.

2. The appellant's other proposition, and the main one in the cause, is, that, where persons convicted of violations of the city ordinances, and from whom docket fees are due to the city attorney, are adjudged to work out the fine and costs, and do thus work them out, under the provisions of section 20 of the act, the city becomes equitably bound to the city attorney for the docket fees thus worked out for the city.

The section of the statute is in part as follows:

"If the penalty or forfeiture in which judgment is obtained

is not paid or replevied, the defendant may be committed, for any period not exceeding thirty days, to the workhouse of such city, or, if such city have no workhouse, then to the county prison of the county in which such city is situated; and, in the latter case, it shall be the duty of the person having charge of such prison to receive such defendant and obey the judgment of the city judge or mayor's court in reference to him or her; and, in default of payment or replevy of such judgment and costs, the defendant, unless a female, may be adjudged and required to pay the same by manual labor in said workhouse or in the street, or other public works of said city, under the control of the street commissioner or marshal of such city, for which labor such defendant shall be allowed, on such judgment and costs, seventy-five cents per day.   It shall be the duty of such street commissioner or marshal, or such other officer as the common council may direct, to work such defendant not less than six nor more than ten hours per day, according to the season, and each evening to return him to the custody of the keeper of such prison or workhouse; and upon the full payment, as aforesaid, of judgment and costs, such defendant shall be fully discharged," etc.

In examining this section, it is noticeable that two things must occur, before a party convicted can be put to working out the fine and costs.

1.   He must fail to pay or replevy the·judgment for fine and costs.

2.   He must be adjudged to pay the same by manual labor, in the workhouse, streets, etc.

When the fine and costs are thus worked out, the defendant in such prosecution is entitled to be discharged, and he is no longer liable for the fine or any part of the costs.

Section 30, giving the city attorney docket fees, must be construed together with section 20, in part above quoted, so as to give effect to both.   They constitute but parts of one entire statute.   The city attorney is entitled to his docket fees, subject to all other provisions of the statute.   One of

those provisions is, that in the cases provided for, the costs, including the docket fees, which would have been due the attorney if the judgment had been paid or replevied, may be adjudged to be worked out as provided for. We think it was not intended by the legislature that the city attorney should have the docket fees, thus worked out.

The defendants in such prosecutions are not liable for them, nor is there any provision requiring the city to make any payment to the city attorney.

The result of the two sections, taken together and so construed as to give effect to both, is to give the city attorney the docket fees provided for, except in the cases where the fines and costs may be adjudged to be worked out as provided for. The section giving docket fees may be read, in order to give effect to section 20, as if it contained, in itself, an exception of the cases where the fines and costs might be worked out, as provided for in section 20, and a provision that in such cases the docket fees, instead of going to the city attorney, should be worked out together with the fines and the residue of the costs.

We see no ground on which to hold the city liable.

The judgment below is affirmed, with costs.