## FLORA *v.* SACHS.

HABEAS CORPUS.—*Petition for.*—*Imprisonment for Violating City Ordinance.* —*Escape and Recapture.*—*Answer.*—In a proceeding for a writ of *habeas corpus*, against a city marshal, the petition alleged, " that the pretended cause for " the imprisonment of the petitioner by the defendant was, that, on a certain day, the city had " recovered a judgment against the " petitioner for a certain sum and costs, " for and on account of a violation of an ordinance of said city by " the petitioner ; that, on said day, the petitioner " was committed to the city prison of said city for failing to pay or replevy said judgment and costs ; " that the petitioner had been placed at labor upon the streets of said city, by the defendant, under the care of the street commissioner, and while so laboring he had escaped ; and that, more than thirty days after the rendition of said judgment, he had openly returned to said city, whereupon the defendant, without warrant or other authority, had arrested and imprisoned him, and restrains him of his liberty.

*Held,* on motion to quash the writ, that the petition is sufficient.

*Held,* also, that the re-arrest and commitment of the petitioner, after the expiration of the thirty days, were unlawful.

*Held.* also, that the defendant, by answer, may show that such judgment provided for the imprisonment of the defendant until he had compensated the same by labor.

SAME.— *Judgment of Imprisonment.*—*Imprisonment at Hard Labor.*—*Payment.*—*Female.*—Section 20 of the act for the incorporation of cities, 1 R. S. 1876, p. 267, contemplates two different modes of enforcing the payment of a judgment for a violation of a city ordinance, viz.:

*First.* By imprisonment of the defendant, whether a male or female, in the workhouse or city prison, for a period not exceeding thirty days, where the judgment remains unpaid or unreplevied; and,

*Second.* By adjudging that the defendant, if a male, shall be required to pay the judgment and costs by manual labor, he remaining in custody until the judgment has been paid or replevied.

SAME.—*Effect of Simple Imprisonment.*—*Termination of.*—The thirty days' imprisonment is inflicted to enforce payment or replevy of the judgment, but does not operate as a payment of the judgment, and must be computed continuously from the date of the judgment.

From the Knox Circuit Court.

*J. S. Pritchett* and *H. Burns,* for appellant.

*H. S. Cauthorn* and *J. M. Boyle,* for appellee.

WORDEN, J.—The appellant, Flora, on the 8th of March,

1879, filed the following petition to the judge of the court below, for a writ of *habeas corpus*, viz.:

"Robert Flora respectfully represents and complains, that he is now, and has been for the last two days, restrained of his liberty by one William Sachs, who is the marshal of the city of Vincennes, in said county; that said Flora, during the time aforesaid, has been by said Sachs confined and restrained of his liberty, in the city prison of said city, and situated on Fourth street in said city; that the pretended cause and reason for such restraint of said Flora, by said Sachs, according to the best knowledge and belief of said Flora, is as follows: That, on the 20th day of June, 1877, the said city of Vincennes recovered a judgment against the said Flora, for the sum of ten dollars, and costs of suit taxed at twenty-seven dollars and ninety-five cents, which judgment was recovered for and on account of a violation of an ordinance of said city, by said Flora; that, after the recovery of said judgment, on the 20th day of June, 1877, the said Flora was committed to the city prison of said city, for failing to pay or replevy said judgment and costs; and said Flora, while so in said city prison, was taken therefrom by the marshal of said city, and by his direction was put to work upon the streets of said city, under the direction and control of the street commissioner of said city, and that, while said Flora was so at work upon the streets of said city, he was allowed and permitted by said marshal and street commissioner, to escape and go at large; and the said Flora then left the city of Vincennes, and did not return thereto until about the month of August, 1877, since which date he has been in said city, a resident thereof, and has been almost daily upon the streets of said city, and in other public places therein, and has often met the marshal of said city, and the other officers thereof; and he has in no manner kept himself concealed from the said officers or any of them, but he could have been apprehended and taken into custody at any

time, if his apprehension had been desirable; but that no attempts were ever made to arrest or take said Flora into custody on account of his escape from the custody of said marshal or street commissioner, as aforesaid, or on account of his failure to pay the said judgment recovered against him by said city, until the 6th day of March, 1879, when the said William Sachs, as the marshal of said city, without any writ, warrant or process of any kind or character having been issued or delivered to.him, arrested and took the said Flora into his custody, for the reason, as stated and asserted by the said Sachs, that said Flora had not paid or replevied the said judgment recovered by said city against said Flora; and that this is the sole and the only cause or reason for the arrest or restraint, by said Sachs, of said Flora, as he is informed and verily believes."

.The petition adds, that the petitioner believes his arrest and restraint are illegal, and prays for the writ of *habeas corpus*, and that the petitioner may be discharged from the imprisonment, etc.

The writ was issued, and the defendant, Sachs, at the time appointed, appeared before the judge, produced the body of Flora, and moved that the writ be quashed, upon the ground that the matters alleged were not sufficient to authorize the issuing of the writ, which motion was sustained, and Flora was remanded to the custody of the marshal.

Flora excepted, and appeals to this court.

We have no brief for the appellee, and are not advised upon what ground the petition was supposed to be defective. It seems to us to have been sufficient.

On the facts stated, the marshal had no right or authority to re-arrest or detain Flora by reason of the judgment and commitment of June 20th, 1877. A person can only be committed for the space of thirty days for failing to pay or replevy such judgment. 1 R. S. 1876, p. 274, sec. 20. The thirty days, we think, must run from the date of the

judgment, after which time the party thus committed is entitled to his liberty; and this, whether the judgment has been paid or replevied, or otherwise, or whether, in the mean time, the party committed has been continuously in custody, or has during that time made an escape.

We decide nothing as to the question whether a marshal may, before the expiration of the thirty days, retake one who has made a voluntary escape, and detain him until the expiration of the thirty days. But where there is an escape during the thirty days, the marshal has no authority, after the expiration of that time, to recapture and imprison the party by virtue of the original judgment and commitment. There can be an imprisonment of only thirty days altogether. The time must be the thirty days next after the rendition of the judgment, and it can not be made up of disconnected periods, some before and some after the expiration of the thirty days.

The following is enough of the section of the statute, above cited, to show the ground upon which the decision must rest:

" If the penalty or forfeiture in which judgment is obtained is not paid or replevied, the defendant may be committed, for any period not exceeding thirty days, to the workhouse of such city, or, if such city have no workhouse, then to the county prison of the county in which such city is situated; and, in the latter case, it shall be the duty of the person having charge of such prison, to receive such defendant and obey the judgment of the city judge or mayor's court in reference to him or her; and, in default of payment or replevy of such judgment and costs, the defendant, unless a female, may be adjudged and required to pay the same by manual labor in said workhouse or in the street, or other public works of said city, under the control of the street commissioner or marshal of such city, for which labor such defendant shall be allowed, on

such judgment and costs, seventy-five cents per day It shall be the duty of such street commissioner or marshal, or such other officer as the common council may direct, to work such defendant not less than six nor more than ten hours per day, according to the season, and each evening to return him to the custody of the keeper of such prison or workhouse; and upon the full payment, as aforesaid, of judgment and costs, such defendant shall be fully discharged; * * * and such defendant may, at any time, replevy and pay such judgment and costs, and in case he has performed labor under such judgment, he shall be entitled to a credit for the same to the amount of labor performed, and the balance may be paid or replevied as aforesaid."

It is apparent from an examination of the statute, that two modes of enforcing the payment of such judgments were contemplated by the Legislature.

The first is designed to coerce payment in money, and not in labor. It is by imprisonment in the workhouse or county prison for a period not exceeding thirty days, the judgment not being paid or replevied. This imprisonment is designed to induce payment in money, by the defendant in such case, rather than submit to the imprisonment. The defendant, in such case, is not entitled to credit on the judgment on account of such imprisonment, so far as this section of the statute is concerned, or, indeed, any other statute of which we have any knowledge. But the imprisonment can not be for a longer time than that specified, though the judgment and costs may amount to much more than could be worked out in thirty days at the rate per day specified, and though the judgment and costs at the end of the thirty days should remain wholly unpaid or replevied.

This power of imprisonment may be applied to females as well as to males.

The second mode is to require payment by the labor of the defendant in such case. . This mode can only be applied to males. But before one can be required to pay such judgment in labor, there must be an adjudication by the mayor or city judge to that effect. See *Tuley* v. *The City of Logansport*, 53 Ind. 508. When there has been such an adjudication, the judgment, including costs, not being paid or replevied, the defendant may be required to work it out at the rate per day provided for, though it may require a longer time than thirty days. It seems also to us that a defendant, in such an adjudication, might be required to work out the full amount, unless it were otherwise paid or replevied, although he might escape, and for a time fail to perform any work. The question in such case would not be so much one of time or length of imprisonment, as one of amount due upon a judgment to be paid in labor.

This construction renders the statute harmonious and consistent with itself. Otherwise, the limitation of imprisonment to thirty days is inconsistent with the right to adjudge that the defendant, in such case, pay the judgment and costs in labor, at the rate der day specified, though a longer period would be required for that purpose. An imprisonment is contemplated in securing the performance of the labor. But this is not the thirty days' imprisonment provided for by the first part of the section.

We do not understand from the petition that there was any adjudication rendered, that the appellant pay the judgment and costs which the city obtained against him, by his labor, in accordance with the statute, and are therefore of opinion, that he could not be detained longer than the thirty days, as before stated.

For the foregoing reasons, we are of opinion that the judge below erred in quashing the writ.

The judgment below is reversed, with costs, and the

cause remanded for further proceedings, in accordance with this opinion.

## ON PETITION FOR A REHEARING.

WORDEN, J.—The appellee has filed a petition for a rehearing in this cause, in considering which we do not desire to add any thing to what was said in the original opinion as to the construction of the statute involved.

But it is insisted that the complaint or petition for the writ of *habeas corpus* was insufficient, because it did not aver that there had been no judgment that the appellant pay the judgment by labor, as provided for by the statute.

It is said in the petition for a rehearing, that " The complaint or petition does not affirmatively aver, nor could it do so truthfully, that said judgment was not in addition to the amount to be paid, also that, in default of payment or replevy, it should be discharged by appellant, by work and labor, as authorized by the statute. Having failed to negative this, it was deficient, and the court below rightfully so held."

It was alleged in the complaint for the writ, " That the pretended cause and reason for such restraint of said Flora, by said Sachs, according to the best knowledge and belief of said Flora, is as follows :

" That, on the 20th day of June, 1877, the said city of Vincennes recovered a judgment against the said Flora for the sum of ten dollars, and costs taxed at $27\frac{95}{100}$, which judgment was recovered for and on account of a violation of an ordinance of said city, by said Flora; that, after the recovery of said judgment, on the 20th day of June, 1877, the said Flora was committed to the city prison of said city, for failing to pay or replevy said judgment and costs," etc.

The statute requires that the complaint for the writ shall specify " The cause or pretence of the restraint, according

to the best of the knowledge and belief of the applicant."
2 R. S. 1876, p. 290, sec. 715, clause 2.

The complaint in this case complied with the statute.
The cause of restraint set forth was the recovery of the
judgment against the appellant for the violation of the city
ordinance, and his committal for a failure to pay or replevy
the judgment and costs. This excluded the idea that there
was any other or different ground for the restraint, or that
there was any other or further judgment, than that for the
recovery of the ten dollars and costs. It excluded, in other
words, the idea that there was any judgment that the ap-
pellant be required to pay the judgment and costs in labor,
as provided for by the statute.

It may be observed, that, if there was a proper judg-
ment rendered that the appellant be required to pay
the judgment and costs by his manual labor, as con-
templated by the statute, the matter can be shown by a
proper return to the writ.

The petition for a rehearing is overruled.