## TORBERT ET AL. *v.* LYNCH.

FALSE IMPRISONMENT.—*Violation of City Ordinance.—Judgment.—Compelling Prisoner to work on Public Streets.*—A defendant against whom, for a violation of a city ordinance, a fine has been assessed, and a simple judgment of imprisonment until the fine and costs are paid has been rendered, can not be compelled to pay the same by manual labor on the streets; and, if compelled to do so, he can maintain an action for damages for false imprisonment.

From the Putnam Circuit Court.

*J. A. McNutt*, for appellants.

*S. W. Curtis*, for appellee.

NIBLACK, J.—This was a suit by Thomas Lynch, against Simon Herr, Henry Torbert, Frank Shattock and the City of Brazil, for false imprisonment, and came into the court below on a change of venue from the Clay Circuit Court.

The complaint charged that the defendants violently and unlawfully dragged the plaintiff from his house, imprisoned him, put irons upon him, forced him, thus ironed and manacled, along the public streets and inflicted other indignities upon him.

The City of Brazil demurred separately to the complaint and its demurrer was sustained.

The other defendants answered in two paragraphs :

1.   In general denial ;

2.   That, at the time of the commission of the alleged grievances, the said Herr was mayor of the City of Brazil, the said Torbert its marshal, and the said Shattock a policeman of said city ; that there was filed before said mayor an affidavit charging the plaintiff with owning and harboring a certain dog, and suffering and permitting such dog to run at large, without obtaining a license permitting his said dog so to run at large, and in violation of an ordinance of said City of Brazil ; that said Herr, as such mayor, thereupon issued a warrant for the arrest of the plaintiff and delivered it to the said Torbert, as such marshal, who, with the assistance of the said Shattock, as such policeman, arrested the plaintiff and took him before said mayor ; that the plaintiff pleaded guilty to the charge against him and was fined one dollar, with costs of suit, amounting in all to the sum of $4.95, and was committed to the station house of said city until said fine and costs should be paid or replevied ; that the plaintiff, after being committed to the station house as aforesaid, still failed and refused to pay said fine and costs ; whereupon the said Herr, as mayor as aforesaid, required him to pay the same by manual labor upon the streets of said city, under the authority of an or-

dinance of such city requiring fines and costs to be paid in such cases in that way, under the direction of its marshal; that the plaintiff refused to work on said streets and escaped from the custody of the said Torbert, marshal as aforesaid; that afterward the said Torbert as such marshal, assisted by said Shattock, took the plaintiff again into custody, and put him again to work on the streets of said city, and, to prevent him from again escaping, placed upon his leg a ball and chain, treating him as gently as possible and using no more force than was necessary by reason of the plaintiff's resistance to the authority of the defendants; that, as to the charge that the defendants compelled the plaintiff to be forced along the public streets, ironed and manacled, they say that they only took him upon said streets, in the manner aforesaid, for the purpose of having him work thereon. Wherefore the defendants, so answering as aforesaid, prayed judgment.

A demurrer was interposed, and sustained, to the second paragraph of the answer, and the court which tried the cause, without a jury, made a finding for the plaintiff, assessing his damages at the sum of seventy-five dollars, and rendered judgment in his favor, upon the finding.

Several errors are assigned, but the only question discussed by counsel is that of the sufficiency of the second paragraph of the answer.

Under the general law for the incorporation of cities in this State, two different modes of enforcing the payment of judgments for the violation of city ordinances are contemplated, to wit:

*First.* By the imprisonment of the defendant, whether a male or a female, in the workhouse or city prison, for a period not exceeding thirty days, where the judgment remains unpaid or unreplevied; and,

*Second.* By adjudging that the defendant, if a male, be

required to pay the judgment and costs by manual labor, he remaining in custody until the judgment has been paid or replevied. *Flora* v. *Sachs,* 64 Ind. 155.

In the paragraph before us, it was shown that the appellee was committed to the city prison until the fine and costs adjudged against him should be paid or replevied, but it was not averred, or otherwise made to appear, that there was any judgment of the mayor requiring him to pay such fine and costs by manual labor upon the streets of the city.

The statute provides, 1 R. S. 1876, p. 274, sec. 20, that, under certain circumstances, the defendant may be "adjudged and required" to pay the fine and costs against him in manual labor, in some one of several ways.

This provision evidently contemplates the rendition of some kind of a judgment by the mayor of a city, requiring the fine and costs to be paid by manual labor, and indicating the place at which such labor shall be performed.

With this construction of the statute referred to, it is our opinion that the judgment, set up in defence by the appellants, did not authorize the proceedings which they admitted they took against the appellee to compel him to perform manual labor upon the public streets of the city of Brazil.

It necessarily follows, that the second paragraph of the answer was bad upon demurrer, and that the court did not err in sustaining the demurrer to it as contended by the appellants.

Other objections to the paragraph of answer in question have been argued by counsel, but, as enough has been shown to sustain the action of the court in holding the paragraph to have been insufficient, we need not enquire whether it may not have been also bad for other reasons.

The judgment is affirmed, at the costs of the appellants.