Anderson, J.,
delivered the opinion of the court.
This is an action of debt brought by the defendant in-error against the plaintiff in error and others, upon their joint bond, executed to John T. Little, who assigned the same to S. O. Moon, who assigned to the defendant in error, for value received. The bond is for $800, payable twelve months after date, with interest from date. The defendants pleaded payment, and a plea of usury. There Was judgment for the plaintiff; and the cause is brought here by a writ of error to that judgment.
On the trial the defendants moved the court to give certain instructions to the jury, not recited in th'e record, which the court refused to give; but gave certain other instructions, to which the defendants excepted ; and they are set out in the bill of exceptions; and all the evidence in the cause is certified.
The ground for reversal assigned in the petition, is error in those instructions. The principle controverted in them is, substantially: That it the said bond was purchased by Moon at a discount, and that he made D. T. C. Peters his agent to purchase it, and that said bond was made simply for sale, which was known to Peters, that knowledge of Peters, the agent should not defeat the plaintiff’s action, unless he, Moon, (styled plaintiff,) also had knowledge of it. This is believed to be a fair interpretation of the instruction; and whether it be erroneous or not, it is not considered material in the case made by this record. The evidence furnishes no ground for the hypothesis, upon which the conclusion of law was declared. There is no evidence in the cause to support the hypothesis that Peters was the agent of Moon for the purchase of the bond. The statement of Little, that Peters told him that he was the agent of Moon, is not evidence to prove the agency. It would be monstrous to hold, that one man was bound by the acts or declara *201 itions of another, until his agency is established. Neither :the declarations of a man, nor his acts, can be given in ■evidence, to prove that he is the agent of another. 1 Phil. Ev. 5th Amer. Ed., Marg. p. 515, Note 144, and 'Cases cited. Peters would be a competent witness to prove his agency; but it could not be proved by his unsworn declaration. He ivas a witness, and he swore that The was not ¡the agent of Moon. And the facts to which he testifies, and which are not in conflict with any other testimony fin the cause, are utterly irreconcilable with the ¡idea'that he was -an agent of Moon, in the purchase of 'the bond. .He was undoubtedly the agent of Little, to make sale of it; and received from him a commission ■¡for selling it. The hypothetical fact, of which the instruction-is predicated, not being proved in the cause, ¡nor any evidence adduced tending to prove it, but the 'contrary being clearly shown, the court is of opinion that the instruction is the declaration of a mere abstract ’principle of daw’? and whether right or wrong, is immaterial, and codld not have prejudiced the plaintiff in • error; and is not, therefore, ground for reversal. Powell .on Appellate Proceedings, chap, iv, § 42, 43. Upon the whóle case, the court is of opinion that the judgment is -right, and that the same be affirmed.
Judgment .apeirmed.