# CHARLESTON.

ROSENDORF *et al v.* POLING *et. al.*

Decided December 21, 1900.

1. PERSONS DEALING WITH AGENT—*Must Ascertain Extent of Power.*
   Where a person deals with an agent, it is his duty to ascertain the extent of the agency. He deals with him at his own risk. The law presumes him to know the extent of the agent's power; and, if the agent exceeds his authority, the contract will not bind the principal, but will bind the agent. (p. 622).

2. AGENTS DECLARATIONS NOT EVIDENCE.
   Neither the declarations of a man nor his acts can be given in evidence to prove that he is the agent of another. (p. 623).

3. AGENT'S AUTHORITY TO SELL—*Title.*
   Where a party purchases goods from an agent who has no authority to sell, he acquires no title to the goods purchased, and can confer none upon third parties. (p. 624).

Error to Circuit Court, Tucker County.

Action by Rosendorf & Co. against J. E. Poling & Co. before a justice. Judgment for defendants was rendered on appeal in the circuit court, and plaintiffs bring error.

*Reversed.*

C. O. STRIEBY, for plaintiffs in error.

CUNNINGHAM & STALLINGS and W. H. KELLY, for defendants in error.

ENGLISH, JUDGE:

Rosendorf & Co., partners, became the owners of a large tract of timber land in Tucker County near the Middle Mountain. A corporation was afterwards formed under the name of the Middle Mountain Boom and Lumber Company for the purpose of manufacturing the timber on said land, in which company Rosendorf & Co. were the principal stockholders, were residents of New York, and in consequence of this fact were compelled to transact their aforesaid business through agents. They employed one Julius Loebl as bookkeeper, who for a time acted in the double capacity of bookkeeper and general agent; but was subsequently discharged from both positions.

Loebl, acting as agent for said partnership sold some maple lumber worth about two hundred dollars to one L. C. Teter, and J. E. Poling & Co. purchased the same from Teter. Rosendorf & Co. brought an action before a justice of said county in the nature of trover to recover money due for damages for a wrong, demanding judgment for two hundred dollars. The case was' heard and judgment rendered for the defendant; thereupon the plaintiffs appealed to the circuit court. In the circuit court the case was submitted to a jury and a verdict rendered for the defendants; a motion was made to set aside the verdict and grant plaintiffs a new trial, which motion was overruled, and this writ of error was obtained by the plaintiffs.

The question to be determined in this case is whether Loebl at the time he sold the maple lumber to Teter was the agent for the plaintiffs, and as such authorized to make said sale, or whether at the date of said sale his powers as such agent had been revoked, and said Teter and the defendants had notice of such revocation.

The paper offered in evidence upon which Teter rests his claim to said lumber reads as follows: "Gladwin, W. Va., July 12, 1898. It is agreed between L. C. Teter and Julius Loebl to settle the account which L. C. Teter has against the Middle Mountain Boom and Lumber Co. and Julius Loebl by selling the maple now in yard at the price of six dollars to him, and remainder of the balance is to go to J. E. Poling & Co. In witness our hand and seal this 12th day of June, 1898. Julius Loebl. (Witness: D. A. Sweet, Andrew Teter)."

This paper bears two dates, one July 12, 1898, and the other June 12, 1898. An effort seems to have been made by the defendant Poling when the paper was first presented to suppress the first date by tearing it off, but he was required to restore it. The consideration set forth on the face of this paper was the settlement of an account which said Boom and Lumber Company owed Teter, but it appears that he made a settlement on the 1st day of March, 1898, with said company in which it was ascertained that a balance of one hundred and twenty-four dollars and eight cents was due Teter, which was paid by draft, and after that time there were no dealings between said company and Teter.

It also appears from the record that on the 3rd day of March, 1898, said Boom and Lumber Company in consideration of five

hundred dollars received from Rosendorf & Co., sold, transferred
and assigned to them all the lumber they had in their yard at
Gladwin, W. Va., and on the same day said Poling & Co. ac-
knowledged by letter to Rosendorf the receipt of instructions to
them to accept no orders on their account or on account of said
Boom and Lumber Co. from any signature except Rosendorf's,
and promised to comply with the request from that time forward.

It also appears from the testimnoy of Eugene Johnson that he
was in the office at Gladwin and heard Mr. Rosendorf say to Mr.
Teter: "I must remind you again that Mr. Julius Loebl has no
authority to make any contracts, or make any sale, or give any
order on the company, for they will not stand it." This was in
the latter part of May, or the first of June, 1898.

Thus it appears that at the time this lumber was attempted to
be sold by Loebl to Teter in payment of a debt claimed to be due
from said Boom and Lumber Co. to him, the lumber did not be-
long to said company, but had been sold and transferred by it
to Rosendorf & Co., and Teter hal full notice that Loebl had no
authority as agent of Rosendorf & Co. to sell it, or make said con-
tract; and on February 3, 1898, Poling & Co. had notice that
they were to accept no orders on account of Rosendorf & Co. on
said Boom and Lumber Co., unless signed by Rosendorf & Co.,
showing that Loebl's agency had ceased, and in order to secure
the payment of a balance that had been disallowed in his settle-
ment with said Boom and Lumber Co., Teter made this purchase
from Loebl, the proceeds of which were to be applied partly to
an account claimed by Poling & Co.; and with full knowledge of
all these facts Poling & Co. purchased this lumber from Teter.

Now the evidence discloses that C. B. Clarke purchased lumber
from Julius Loebl from October, 1897, to May, 1898, giving
checks payable to the order of said Boom and Lumber Co. The
witness Williams states that he also purchased lumber from
Julius Loebl in 1898, but says it was in January, February or
March, and adds that Mr. Rosendorf informed him that Loebl
had no authority to make contracts for said Boom and Lumber
Co. in the early spring of 1898, and after that he bought no
more lumber from Loebl, but later on purchased some from
Rosendorf.

At the time Teter purchased this lumber from Loebl, it is
shown that it had been sold by the Boom and Lumber Co. to
Rosendorf & Co., and both Teter and Poling & Co. had notice

that Loebl had no authority to act as agent for them in selling lumber, and if such actual notice had not been given, the law requires that a party trading with an agent should ascertain the extent of his agency.

In the case of *Curry* v. *Hale,* 15 W. Va. 867, this Court held that, "Where a person deals with an agent, it is his duty to ascertain the extent of the agency; he deals with him at his own risk; the law presumes him to know the extent of the agent's power, and if the agent exceeds his authority, the contract will not bind the principal but will bind the agent." See also *Dyer* v. *Duffy,* 39 W. Va. 149, where it is held that, "Where a party purchases goods from an agent·who has no authority to sell, he acquires no title to the goods purchased, and can confer none upon third parties."

The court was asked to give the jury the following instructions:

"1.  The court instructs the jury that if they believe from the evidence that Julius Loebl had no authority to sell this particular lumber in question to L. C. Teter from Rosendorf & Co., then they must find for the plaintiffs.

"2.  The court instructs the jury that even if they do believe from the evidence that Julius Loebl was authorized to perform other duties for the Middle Mountain Boom and Lumber Co. and Rosendorf & Co. yet before the defendants can defeat the plaintiffs action, they must show that Julius Loebl was in the employ of Rosendorf & Co., clothed with general authority to transact business for said Rosendorf & Co., including that of selling lumber at the time L. C. Teter claims to have purchased said lumber in controversy, and if defendants fail therein then the jury must find for the plaintiffs.

"3.  The court further instructs the jury that even if they do believe from the evidence that Julius Loebl was authorized to perform other duties for said Boom Company and Rosendorf & Co., yet before the defendants can defeat the plaintiffs action, they must show that Julius Loebl had authority to sell this particular lumber at the time they claim he did so, and if they fail to show that said Julius Loebl had such authority the jury must find for the plaintiffs."

The action of the court in refusing these instructions is assigned as error and I think the point well taken, as, under the ruling in *Curry* v. *Hale, supra,* it was the duty the defendants

to ascertain the extent of Loebl's agency, and they dealt with him at their own risk. For the same reason I hold that the court erred in giving the instructions asked for by the defendants and set forth in bills of exceptions Nos. 5, 6, 7 and 8.

The court also erred in allowing the defendant, over plaintiffs' objection, to prove the declaration of Loebl made in the absence of the plaintiffs, tending to prove that he was their general agent as well as general agent of the Boom and Lumber Co. The law upon this point is laid down by the Virginia court of appeals in the case of *Poor* v. *Magruder,* 24 Grat. 197: "Neither the declarations of a man nor his acts can be given in evidence to prove that he is the agent of another." See also Mechem on Agency, s. 100, where the same principle is announced.

For these reasons the judgment complained of is reversed, the verdict set aside, and a new trial awarded the plaintiffs.

*Reversed.*