INGALLS X. LEE v. THE MISSOURI PACIFIC RAILWAY COMPANY.

No. 13,078.    (73 Pac. 110.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Incompetent Witness.* One who is entirely ignorant of the meaning of the ceremony of administering an oath is not a competent witness.

2. ——— *Demurrer to Evidence—Ruling Undisturbed.* A ruling sustaining a demurrer to the evidence will not be reversed notwithstanding sufficient evidence was actually admitted by the trial court to make a *prima facie* case for plaintiff, where a part of the evidence essential for that purpose was incompetent and admitted over proper objection, although it was not formally stricken out and no notice was given plaintiff that it was to be disregarded.

Error from Leavenworth district court; J. H. GILL-PATRICK, judge.    Opinion filed July 10, 1903.    Affirmed.

*Atwood & Hooper*, and *Lee Bond*, for plaintiff in error.
*Waggener, Doster & Orr*, for defendant in error.

The opinion of the court was delivered by

MASON, J.:    Ingalls X. Lee sued the Missouri Pacific Railway Company for injuries received in alight-ing or falling from a flat car of a freight-train on the

Lee v. Railway Co.

road of that company.   His claim was that the defendant was responsible on account of the refusal of an employee to protect him from injury, after discovering him in a place of danger.   The trial court sustained a demurrer to the evidence, and the plaintiff brings this proceeding to reverse such ruling.

Plaintiff testified in his own behalf.   He was at the time eleven years of age.   Upon cross-examination defendant's attorney inquired regarding his understanding of the nature of an oath, and moved to strike out his entire testimony on the ground that his answers showed that he was incompetent as a witness.   The court overruled the motion, the defendant excepting. The defendant in error contends that in passing upon the sufficiency of the evidence in behalf of plaintiff this court should disregard plaintiff's own testimony, notwithstanding the trial court admitted it.   It is clear that without this testimony the demurrer should have been sustained.   If this testimony is to be considered the demurrer should have been overruled. The two questions for our determination, therefore, are whether the plaintiff was a competent witness, and, if not, whether this court should consider his testimony in reviewing the decision upon the demurrer to the evidence.   The entire testimony of plaintiff with regard to his competency was as follows, the last question being asked by his own attorney:

"Ques. Ingalls, do you know what an oath is? Ans. No.

"Q. You don't know what it means when you hold up your hand and are sworn?   A. No.

"Q. You have no idea what the obligation is which is required of you when you hold up your hand?   A. No.

"Q. You don't know what would happen to you. if you would tell an untruth, do you?   A. No.

"Q. You have n't the least idea? A. No.

"Q. And then when you tell this story here, you don't know if you would tell a lie what they would do with you? A. No.

"Q. You have n't the least idea? A. No.

"Q. You don't know whether they would put you in the penitentiary or not, do you? A. No.

"Q. Don't you know that if you should tell a lie they would put you in prison? A. No.

"Q. You don't know that? A. No.

"Q. So you would just as soon tell the truth as lie about it, so far as the punishment is concerned, would you? A. Yes.

"Q. When you say you don't know the nature of an oath, Ingalls, when you told this to this man, were you telling the truth or not? A. Yes."

In support of the proposition that the witness was competent, plaintiff in error argues that the decision of the trial court is conclusive and not subject to review by this court. If the objection to his competency were that he was lacking in general intelligence or capacity this contention would be sound. As to this matter the trial court, in seeing and hearing the witness, had means of reaching a just decision that are wholly wanting here. Moreover, the character of the boy's testimony relating to the facts of the case was such as to lead to the conclusion that he was not mentally deficient. But the objection made is a very different one, namely, that he showed that he had no conception of the significance of an oath. His testimony in this regard was plain and unambiguous, and warrants no other conclusion than that he was entirely ignorant not merely as to the character of the obligation assumed by a witness in taking an oath, but practically as to the fact that there was any such obligation. But plaintiff in error further contends that this does not disqualify him from testifying, the

argument being that our statute has entirely super-
seded the common law in this regard. The statute
in point (Gen. Stat. 1901, § 4771) reads:

"The following persons shall be incompetent to tes-
tify: . . . *Second*, children under ten years of
age who appear incapable of receiving just impres-
sions of the facts respecting which they are examined
or of relating them truly."

In *State v. Scanlan*, 58 Mo. 204, decided under a
statute framed in the same words, a girl of nine or
ten years of age was held competent, although she
said at one time that "she did not know the nature
or obligation of an oath, nor what would be the con-
sequences of false swearing." This statement was
made while she was frightened and embarrassed, but
was not in terms contradicted. The second para-
graph of the syllabus reads:

"The only test of competency in a child under ten
years of age to be a witness is whether it appears in-
capable of receiving just impressions of the facts, or
of relating them truly."

This decision seems to support the contention of
plaintiff in error, but the language quoted is broader
than required by the facts of the case, and if it had
not appeared that the testimony referred to was given
under the influence of fright and embarrassment, a
different result might have been reached. Moreover,
in the case at bar, the witness could not be disquali-
fied within the literal terms of the statute. He was
eleven years of age and, even if found incapable of
receiving just impressions of facts or relating them
truly, would still not be disqualified unless by impli-
cation. In this respect his case is very similar to
that of an Indian who was held to be a competent
witness in *Smith v. Brown*, 8 Kan. 608, 618, with this

important distinction, that here the plaintiff showed that he had no knowledge that he might be punished in any way if he testified falsely. In the opinion in that case it was said:

"The objection urged to this witness was not a want of sufficient age, or that he was an idiot, or insane, or of weak mind; but that he did not understand the nature and obligation of an oath. He was an uneducated Indian, not deficient in understanding, but uninstructed as to the nature of an oath, and mistaken as to the punishment for perjury, an act which by that name he did not know; yet he knew that it was wrong to speak falsely, and that he would be punished for so doing. Whether he believed that he would be punished in another life was a matter that could not be inquired into under our constitution."

The decisions on the question of the competency of children and other persons whose understanding of the nature of an oath is doubtful are many and conflicting. A numerous list is collected in a note to *State v. Michael*, 19 L. R. A. 605, 16 S. E. (W. Va.) 803, to which later cases are added in the American Digest, 1899 B, 4621 and 4622. It is not necessary for the purposes of this case to review these authorities in detail. We hold that there is by necessary implication a class of persons incompetent to testify, in addition to those expressly defined in the statute, namely, those who have no understanding that the taking of an oath imposes any new obligation to speak the truth. We reach this conclusion less from any application of the principles of the common law than from the consideration of the statute itself. It is required that a witness be sworn before testifying, and this requirement is mandatory. (*Mayberry v. Sivey*, 18 Kan. 291.) In order that the ceremony of

swearing the witness may be effective at all; it is certainly necessary that he understand something of the meaning of it. If he has no such understanding whatever the form is idle ; under such circumstances the witness is not sworn at all in any reasonable sense, or in contemplation of law. If he merely holds up his hand and nods his head in response to the formula propounded him, not understanding that in doing so he has assumed any additional obligation to tell the truth, or risk of punishment should he fail to do so, he has no more bound himself than if he were of unsound mind. The assent he yields, to be effective, must be an intelligent assent, and it cannot be intelligent if he has no idea of the meaning of what he is doing. In *The State v. Jehlik*, 66 Kan. 301, 71 Pac. 572, it was held that a woman who is an imbecile cannot institute a proceeding in bastardy. In the opinion it was said :

" The statute, it is true, provides that 'any unmarried woman,' etc., may institute an action, and such terms without qualification are broad enough to include idiots and lunatics. There is language, however, employed in the same connection which clearly implies that only rational beings were within the contemplation of the legislature. As already indicated, she only can begin the prosecution, and that she is to do by making a written complaint on oath. Only those who understand the binding force of an oath and are capable of giving testimony are within the spirit and intent of the act. . . . Having no mind or understanding, there was, in fact, no complainant."

In order that one may be competent as a witness, it is not necessary that he have a definite or accurate knowledge of the difference between his duty to tell the truth after being sworn and that already existing ; still less that he should be able to state it ; but it is

necessary that he should be conscious that there is a difference. As said in *Hughes v. D. G. H. & M. Ry. Co.*, 65 Mich. 10, 31 N. W. 603, "a witness must be under some pressure, arising out of the solemnity of the occasion, beyond the ordinary obligation of truth-telling." In the present case the witness said that he did not know what an oath was; that he did not know what it meant when he held up his hand and was sworn, and had no idea of what the obligation was which this act required of him; that he had not the least idea of what would happen to him if he told an untruth, and that so far as punishment was concerned he would just as soon tell the truth as a lie. Nothing in the record tends to detract from the force of these statements. We think they show that the witness had no just appreciation of the fact that he was under any legal or moral restraint by reason of having taken an oath, and that, therefore, his testimony should have been stricken out and disregarded.

It remains to determine whether the evidence of this incompetent witness should be considered by this court in reviewing the ruling sustaining the demurrer to the evidence, the trial court having refused to strike it out. In *Duveneck v. Kutzer*, 17 Tex. Civ. App. 577, 43 S. W. 540, and in several cases there cited, it was held that a demurrer waives all objection to the admissibility of the evidence to which it is addressed. The cases of *Bank v. Loar*, 51 W. Va. 540, 41 S. E. 901; *Megrue et al., Receivers, v. Lennox*, 59 Ohio St. 479, 52 N. E. 1022, are to the contrary. This court has, however, definitely determined the question in *Gillett v. Insurance Co.*, 53 Kan. 108, 36 Pac. 52, where a decision sustaining a demurrer was affirmed, although incompetent evidence, sufficient (except for its incompetency) to complete a *prima facie* case for

Lee *v.* Railway Co.

plaintiff, had been admitted by the trial court and not formally stricken out. The second paragraph of the syllabus reads :

"Where incompetent testimony is received over objection, it is within the province of the court to correct such error at any time before the final disposition of the case, and, upon a demurrer to plaintiff's evidence, it is not improper for the court to strike out or to disregard such incompetent testimony."

It is obvious that this rule imposes something of a hardship upon a plaintiff in that it requires him to judge at his own risk of the competency of evidence that he offers, instead of permitting him to rely upon rulings in his favor. But the issue raised by the demurrer is one of law. The evidence is passed on by the court. The jury are for the time eliminated. It is a familiar fact that, especially in matters presented for the determination of a court, evidence is often admitted tentatively, the decision being held subject to reconsideration upon the submission of the whole matter. In such a case it is not essential to a review of the result that a definite final ruling be indicated upon each objection made. The court is supposed to consider so much of the testimony as is competent and to disregard the rest. The situation is not materially different when a demurrer to the evidence is presented. The trial court, at least in the absence of a distinct and affirmative recital in the record to the contrary, must be deemed finally to have left out of consideration any evidence that ought not to have been admitted or that ought to have been stricken out.

The judgment is affirmed.

All the Justices concurring.