# CHARLESTON

## STATE v. TYGART VALLEY BREWING CO.

### Submitted March 10, 1914.   Decided April 28, 1914.

1. CRIMINAL LAW—*Appeal—Admission of Improper Evidence.*

    The reception of inadmissible testimony in a trial in which the properly admitted evidence is circumstantial and inconclusive and affords ground for a finding for either plaintiff or defendant, agreeably to the belief of the jury, is presumed to have been prejudicial and necessitates reversal. (p. 235).

PRINCIPAL AND AGENT—*Evidence—Admission.*

Admissions and declarations of a person claiming to be an agent of another are not admissible as evidence to prove such agency.  (p. 235).

3.  INTOXICATING LIQUORS—*Illegal Sale—Penalty.*

The penalty incurred by a licensed wholesale dealer in intoxicating liquors, such as a licensed brewer, in the making of an unlawful sale, is prescribed by sec. 3 of chap. 32 of the Code.  (p. 235).

(LYNCH, JUDGE, dissenting.)

Error to Circuit Court, Barbour County.

The Tygart Valley Brewing Company was convicted of selling beer in a no license county, and brings error.

*Reversed and Remanded.*

*Harry Friedman* and *Warder & Robinson,* for plaintiff in error.

*A. A. Lilly,* Attorney General, *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

POFFENBARGER, JUDGE:

Among other things, plaintiff in error, a corporation engaged in the manufacture and wholesaling of beer, charged with having made an unlawful sale of its product, in a no license county, through an agent, complains of the overruling of its motion to quash the indictment, which follows the terms of the statute and fails to give the name of the person to whom the alleged sale was made and also to show what particular sale is relied upon and the manner in which it was made. These omissions do not vitiate it.  It suffices to charge the offense in the language of the statute.  *State* v. *Riffe,* 10 W. Va. 794; *State* v. *Boggess,* 36 W. Va. 713.

On June 2, 1909, the accused, by a written instrument in the form of a letter to the public in general, signed by its acting president, authorized one Martin Demaio to take orders for it and collect bills.  At that time, it was lawful for it to solicit orders for beer in Barbour County, but it became unlawful to do so on and after July 1st, 1909.  A day or two before the latter date, acording to the uncontradicted testimony of a witness, he was called in and his author-

ity to make sales or take orders in said county and othe
in which no licenses were granted revoked.

Between July 1st and December 31st, 1909, Demaio mad
sales of beer from time to time to Thomas Harkins at Cen
tury in Barbour County and collected the money, until he wa
arrested. The beer so sold by him was shipped by the defend-
ant from its brewery at Grafton to the person to whom
Demaio sold it, but there is no proof as to the kind of orders
he sent in for it. Whether he made them out in the name
of the consignee and sent the money along with them or took
the orders and sent them in as agent of the consignor does
not appear by any direct competent evidence. It is easy to
perceive that he may have made the sales on his own account,
but in the name of the consignee, paying the brewery its price
for the beer in advance and so giving the transaction a legal
color in the eyes of defendant's officers and agents. If he
made the sales as agent, or if the defendant sold beer in
Barbour County, without his intervention, at the time spec-
ified, it is guilty. But, if Demaio made the sales on his own
account, in the manner supposed, he, not the defendant, is
guilty, and if the sales were made to the consignees by the
defendant at its brewery in Grafton and the beer shipped to
Barbour County, nobody is guilty.

Demaio had in his possession, at the time, the letter of
authority to which reference has been made and some blank
orders for his use as agent, but there is no proof that he used
any of them in effecting these sales. These facts taken in
connection with his previous action as agent for the defend-
ant constitute circumstantial evidence of his agency in the
sales in question.

The agency established by documentary evidence having
been revoked before these sales were made, they are not other-
wise shown to have been made by Demaio as agent. But the
evidence of the revocation is not clear and unequivocal.
Gough's testimony is not broad enough to preclude the filling
of orders sent in by Demaio, after July, 1, 1909. Fairly con-
strued, it is a mere protest that, if the accused accepted and
filled such orders, it did not do so as principal, because Demaio
had been told he could no longer act as its agent in "dry"
territory. Asked whether it accepted orders from Demaio,

after July, 1, 1909, the witness replied: "Not as its agent," and admitted he did not know whether it had paid Demaio commissions on sales after that date.

The court improperly admitted proof of Demaio's declarations of his agency, over the objections of the defendant. He might have been permitted to testify to his agency, but his declarations thereof were inadmissible. *Garber* v. *Blatchley,* 51 W. Va. 148; *Rosendorf* v. *Poling,* 48 W. Va. 621; *Poor* v. *Magruder,* 24 Gratt. 197. If the testimony of Gough is true, he had no authority to take orders in Barbour County. His general authority had been limited as to territory, and an agent's admission or declaration of his agency beyond the authority actually conferred is inadmissible. Clarke & Skyles Agency, sec. 467, p. 1028-9.

The evidence as to the manner in which the sales were made being circumstantial and inconclusive, leaving it a matter of inference for the jury, the admission of this incompetent evidence necessitates reversal. Without it, the verdict might have been different. If we could see clearly that no verdict, other than the one rendered, could properly have been found, the error could be disregarded as harmless. But the admissible evidence affords ground for a finding either way. Under such circumstances, the reception of inadmissible evidence is presumed to have been prejudicial and calls for reversal. *Lay* v. *Coal and Coke Co.,* 64 W. Va. 288.

An instruction, given at the instance of the state, told the jury they might consider the acts and declarations of Demaio in establishing his agency, if they believed, from other evidence, he was defendant's agent. This is erroneous. An agent's admissions and declarations within his actual or apparent authority bind his principal, but they can not be used to prove the agency. They are mere hearsay. Clarke and Skyles, Agency, sec. 467, p. 1028-9. No error in any of the other rulings on instructions is perceived.

The court imposed a fine of $500.00, under the impression that the legislature has not prescribed any punishment for the offense charged, wherefore it is left in the discretion of the court, subject to the constitutional limitation forbidding disproportionate and unreasonable fines and punishments. This is an erroneous view of the statute. The sales were not

authorized by any license. Hence they were mere unlawful sales—sales without a license—and punishable under sec. 3 of chap. 32 of the Code, limiting the fine to $200.00.

For the reasons here stated, the judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and Remanded.*

LYNCH, JUDGE, *(dissenting)* :

I am unable to concur in the opinion announced by the court. While the agent's mere declarations were incompetent to establish the fact of agency, defendant, by its witness Gough, proved that prior to July 1, 1909, Demaio was its soliciting agent, and that it furnished beer to the persons designated in the orders received from him. His authority is in writing, and bears date June 2, 1909. It was produced upon the trial and identified by Gough, and copied in the record.

It is important to note the date of the authority; because defendant's agent says the authority was revoked two or three days before July 1, 1909, after which defendant could not lawfully receive and fill orders from any of its agents operating in ''dry territory'', for the reason that it then became unlawful to sell intoxicating liquors therein. Barbour county was dry territory. Gough says: ''We sent for him (Demaio) to come in and to explain to him about this law which was going into effect, and that he could not sell in these dry counties, and wanted the letter back from him. I think he said he had lost it''. He identified the letter to which he referred as Demaio's written authority to solicit orders. The witness further testified they instructed Demaio that he could not take any more orders, and also that the Tygart Valley Brewing Company did not accept orders from Demaio after July 1, 1909, as its agent.

But the evidence shows orders were sent by him, and that defendant filled the orders, the money for which Demaio collected, as he had done previous to July 1. These orders the witness supposes Demaio ''sent on his own hook.'' But he declines to inform the jury whether Demaio received a commission on the subsequent, as he had on prior, sales, although

he admits knowledge of other details of defendant's business much less important to it if innocent of the accusation.

Under these circumstances, the jury could, as it did, decline to credit the statements of the only witness introduced on behalf of defendant. The evidence before it was sufficient to sustain its verdict. It could perceive no difference, and evidently made no refined distinction, between defendant's business dealings with Demaio before and after July 1. There was no break in their dealings. Demaio continued to solicit and receive orders and collect from his patrons, whom he regularly visited, and to whom defendant supplied beer on the orders with the same regularity as it had done prior to July 1.

In view of this evidence, it is difficult to perceive in what respect proof of the agent's declaration prejudiced defendant, although in itself incompetent to establish the fact of agency. Therefore, the circuit court did not err in refusing to set aside the verdict. I would remand the case, with direction to enter judgment thereon according to the provisions of §3, ch. 32, Code, but not for a new trial.