# CHARLESTON.

GEORGE C. WEIMER and JAMES WEIMER, *Trading and Doing
Business as George Weimer & Sons,* v. E. M. BOURN
and J. O. CASDORPH

(No. 5763)

Submitted March 2, 1927.    Decided May 3, 1927.

PRINCIPAL AND AGENT—*Generally Declaration of One Assuming to
Act as Agent Are Not Admissible to Prove Agency; Ad-
mitting Testimony That T. Stated Defendant Would Pay
For Material to Prove T.'s Agency Held Error.*

As a general rule, declarations of one assuming to act as
agent are not admissible to prove his agency.

(Agency, 2 C. J. § 692.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Error to Circuit Court, Kanawha County.

Assumpsit by George C. Weimer and another, trading and
doing business as George Weimer & Sons, against E. M. Bourn
and another. Verdict for plaintiffs. Judgment setting aside
the verdict, and granting defendants a new trial, and plaintiffs
bring error.

*Affirmed.*

*R. G. Kelly* and *Morton, Mohler & Peters,* for plaintiffs in
error.

*Brown, Jackson & Knight, George S. Couch* and *Herman L.
Bennett,* for defendants in error.

LITZ, JUDGE:

This is an action of trespass on the case in assumpsit. To
the judgment of the circuit court setting aside a verdict in
favor of plaintiffs and granting defendants a new trial, the
plaintiffs prosecute a writ of error.

The defendants, Casdorph and Bourn, entered into a written contract with Elmer Turner, whereby, in consideration of $3,100.00, he agreed to furnish the labor and material for the construction of a dwelling house for the defedants. The agreement provides that the owners "may pay any or all of material bills if they so elect, and deduct the amount of same from the total sum to be paid for the construction of said house". The plaintiffs instituted this action to recover the unpaid balance for material furnished by them to Turner in the construction of said house.

Three theories are presented to support the claim of plaintiffs: (1) that Turner in fact purchased the material so used as the agent of defendants; (2) that the defendants ratified the purchase by Turner as their agent; and (3) that defendants expressly promised in writing to pay the plaintiffs.

According to the testimony of the plaintiff, James Weimer, the only witness in their behalf, they delivered the material at the request of Turner, who told them "when the job was first started * * * that Casdorph and Bourn would pay the bill"; that all payments for the material were made by the defendants to the plaintiffs upon demand of the former by the latter.

After all the material had been furnished, but before the time had expired within which the plaintiffs could have proceeded to perfect their lien, as materialmen, under Chapter 75 of the Code, Casdorph wrote them a letter, stating:

"To Weimer & Sons,
"Please send itemized statement of material used in houses built by Elmer Turner for J. O. Casdorph and E. M. Bourn, as houses are about completed, will come down and make settlement as soon as bill is received, and oblige."

The plaintiffs rely upon this writing as a promise by the defendants to pay the claim.

The defendant E. M. Bourn testified, as sole witness for the defendants, that the payments by them to the plaintiffs were made pursuant to the contract with Turner, with the view of accommodating the plaintiffs and of relieving the property of defendants from the lien of the plaintiffs, as material men;

but denied that Turner was ever authorized to purchase the material on their behalf.

The case was not fully developed by either side. It does not appear whether, at the time of delivery, the material was invoiced to Casdorph and Bourn or charged on the books of the plaintiffs to them; nor is it shown that any material was furnished after the payments made by defendants, or that the plaintiffs were induced by the letter from Casdorph (which was not explained by defendants), to forego the right of perfecting their lien. This state of the record likely influenced the circuit court in refusing to submit to the jury the second or third theory advanced by the plaintiffs, and in setting aside the verdict in their favor.

The testimony of Weimer, that Turner told plaintiffs defendants would pay for the material, was admitted over the objection of the defendants. This hearsay evidence was introduced for the purpose of establishing the alleged agency of Turner. As a general rule declarations of one assuming to act as agent are not admissible to prove his agency. *State* v. *Tygart Valley Brewing Co.,* 74 W. Va. 232, 81 S. E. 974; 2 C. J. 935; 21 R. C. L. 821. The record does not bring the evidence complained of within any exception to the rule.

We are therefore of opinion that its admission constituted error, justifying the action of the court in setting aside the verdict and awarding a new trial.

*Affirmed.*