The opinion of the court was delivered by
The petition of the plaintiff in error, plaintiff below, was filed in the district court of Logan county on the 14th day of August, 1894, and declared that the plaintiff, on the 4th day of August, 1894, bought a ticket from the ticket agent of the defendant company at Guthrie, O. T., authorizing him, as a passenger, to ride over the road and in the cars of the defendants from the city of Guthrie to Lawrie, a point upon said line of railroad, and that, as said passenger, the plaintiff in error entered the cars of the defendant in error and took his seat therein; yet, said defendant company, by its agents and servants, disregarding its duty as such common carriers of passengers, did, before the cars of the said defendant company had reached the said town of Lawrie, and between the city of Guthrie and the town of Lawrie, at a point on the line of said road where there was no depot or place that had been used for the purpose of receiving and discharging passengers, stopped its train *Page 536 
and wrongfully and unlawfully forced and expelled the plaintiff from the cars of the said defendants and refused to the plaintiff permission to further ride in the cars of the defendant company, and left the plaintiff there without having completed his journey, whereby he was greatly delayed in his business, and other wrongs then and there wrongfully, forcibly and unlawfully did to said plaintiff, to his damage in the sum of five thousand dollars.
The defendants filed an answer of general denial, and for a second defense alleged that the train on which the plaintiff took passage was a through passenger train, known as train No. 406, which, according to the rules and regulations of the defendants, was not scheduled to stop at the station of Lawrie; that the plaintiff was not entitled to ride as a passenger from the city of Guthrie to the station of Lawrie on said train; that the defendant company had other good and sufficient trains which ran between those points and which did stop at that station, one of which left Guthrie within one hour of the time of the departure of train No. 406; that the plaintiff was notified by the conductor in charge of the train between said stations that he could not get off of said train at said station of Lawrie, and requested the plaintiff to pay twenty-seven cents additional fare to the station of Mulhall, the nearest station where the train was scheduled to stop, and notified the plaintiff that unless such fare was paid, the said conductor would be compelled to stop the train and eject the plaintiff therefrom; that the said plaintiff refused to pay such additional fare and continued to insist on having the train stop at Lawrie, and remained upon the train and was a trespasser thereon until the train was stopped, and plaintiff requested to *Page 537 
leave the train, which he did with the assistance of the conductor and other officers, without violence or force.
To this answer a reply of general denial was filed. The case was tried on May 2, 1895, to a jury, and evidence was adduced to show that on the morning of the 4th of August, 1894, the plaintiff in error applied to the ticket agent at the railroad station in the city of Guthrie, for a ticket to Lawrie.
It was in evidence, that as soon as the train came in the plaintiff in error boarded it for his point of destination, and before reaching said point, and between the city of Guthrie and the town of Lawrie, the plaintiff in error tendered his ticket to the conductor, who demanded his fare, and was then for the first time informed that the train was not scheduled to stop at Lawrie, the point of plaintiff's destination. The plaintiff in error declined to pay additional fare to the station of Mulhall, the first station at which that train was scheduled to stop, and thereupon the conductor stopped the train and put him off, about one or one and a half miles south of Lawrie.
It was shown by the evidence that the train in question was a through express train from Galveston to Chicago; that it was not scheduled by the rules of the company to stop at small stations, and that the station of Lawrie was merely a way station of no importance, and that there was only one or two houses at that point; and that there was kept in stock at the time by the defendant company printed folders containing full information as to the train schedule for the use of the traveling public, which could be had at the ticket office upon application.
It was shown that the train in question left the station of Guthrie at 5:55 A. M., and that there were two other trains in service daily which stopped at said station of Lawrie, one of which left Guthrie at 7 o'clock A. M. The *Page 538 
defendant's office at Guthrie was open at all hours of the day for the sale of tickets to any point or station.
Upon the close of the evidence the court, on the motion of the defendants, directed the jury to return a verdict for the defendants, to which the plaintiff in error excepted, and brings the case here.
The petition states a case in tort. In the absence of statutory provisions to the contrary, a railroad company has a right to adopt a regulation providing that one of its regular trains of passenger cars, or a part of them, running regularly upon its road, shall not stop at certain designated stations. And the duty is imposed upon one proposing to travel as a passenger on such road, to inform himself whether the train upon which he takes passage stops at the station or place to which he is going, according to the regulations of the company. This is well settled in numerous cases.
And in the absence of such statutory provisions, and such regulations having been made upon the road, a passenger who holds a ticket for a station at which that train does not stop, and who is unwilling to ride to a station at which such train does stop, and to pay for such additional ride, he may, in the proper manner, be removed from such train. (Cleveland R. R. Co.v. Bertram, 11 Oh. St. 457; A. T. S. F. R. R. Co. v. Gants,38 Kan. 617; Penn. Co. v. Wentz, 37 Oh. St. 337; Ohio etc. R.Co. v. Applewhite, 52 Ind. 540; Ohio, etc. R. Co. v. Swarthout,67 Ind. 567; Chicago, etc. R. Co. v. Randolph, 53 Ind. 510; A.T. S. F. R. R. Co. v. Cameron, 66 Fed. Rep. 609; Cheney v.Boston Maine R. R. Co., 11 Me. 121.)
The necessary information could have been had from the agent of the defendant company when the ticket was procured. It was not shown that the plaintiff sought to *Page 539 
inform himself, or to make any inquiry as to whether the train upon which he proposed to take passage would stop at the station of Lawrie or not, as it was incumbent upon him to do.
It is, however, argued by the plaintiff in error that he was misled or misinformed by the agent, or that a special agreement was made by the defendant company through its agent by which he was to be put off at the station of Lawrie. This contention is based upon the evidence, that:
"I went to the ticket window, and asked the agent how long before the north bound passenger was due, and he said, 'eight or ten minuets;' said I, 'will you please let me have a ticket for Lawrie;' and that was all the conversation that passed. He sold me the ticket, and I paid for it."
Upon this evidence it is contended that, even if the plaintiff in error has not made out a case in tort, that he is yet entitled to recover, for the reason that the railroad company through its agent, by misleading or misinforming the plaintiff in error, waived its right to carry the plaintiff in error past the station of Lawrie without stopping, and its regulations governing the running of its trains in consideration of the purchase money for the ticket then sold, or else that, it especially agreed with the plaintiff in error to stop and let him off at that station, and that it is liable because of its failure to keep such agreement, and that it is estopped from setting up its regulations as a defense.
In order to sustain this contention it is necessary that it should clearly appear in the evidence that it was the intention of the plaintiff to take the through train from Galveston, then due in eight or ten minutes, which, by the regulations of the company, did not stop at Lawrie, and that it was not his intention to wait from that time, *Page 540 
5:55 A. M., until 7 A. M., an hour later, and take the local train, which, by the regulations of the company, did stop at Lawrie, and that at the time the agent of the company knew that such was the intention of the plaintiff in error, and that the said agent consented to this arrangement and that the regulations of the company should be waived to suit this proposition and purpose of the plaintiff in error, and it must also specifically and clearly have appeared that the plaintiff in error acted upon the agreement thus intentionally and knowingly made between the agent of the company and himself. It must also have appeared that the plaintiff was himself in the exercise of due care in making this agreement, and that he had taken pains to inform himself that the through passenger train which he did take, did or did not, under the regulations of the company, stop at Lawrie, and that the agent of the defendant company was fully aware and knew, by what transpired between them at the time, that it was the intention of the plaintiff in error to take the said through passenger train, and that he, the agent, understood it to be agreed upon between them that that train should stop at the station of Lawrie. (Owen v.Slater, 26 Ala. 547; Townsend Savings Bank v. Todd,47 Conn. 217; Mackwell v. Bay City Bridge Co., 46 Mich. 276; Canning v.Harlan, 50 Mich. 320; Gillott v. Burlington Insurance Co.,
[Kan.] 36 Pac. Rep. 52; Irvin v. Railway Co., 92 Ill. 110.)
The facts necessary to establish the right of recovery upon this hypothesis do not appear. The evidence does not sustain the conclusion sought for. And we hold, as a matter of law, that there was no evidence to go to the jury upon the proposition that any such implied or special agreement was made with the agent as is here contended for. *Page 541 
And if, indeed, we could hold otherwise and could find that the conversation had by the plaintiff in error with the ticket agent was evidence to go to the jury to sustain the proposition that an implied contract existed between the plaintiff and defendant by virtue of misrepresentations made by the agent of the defendant, or that a special contract existed between the parties by reason of such conversation, yet, such evidence was not admissible under the petition. No allegation is made in the petition that the plaintiff was misinformed by the agent of the defendant, nor is any recovery sought upon the special contract arising out of an agreement alleged to have been made with the agent whereby the company's regulations should be waived for the benefit of the plaintiff in error.
The petition makes out a simple case in tort arising upon the purchase of the ticket by the plaintiff for the town of Lawrie, and his wrongful and unlawful expulsion from the cars of the defendants, and the injury suffered thereby; upon which allegations, as has been seen, the plaintiff is not entitled to recover. No principle is better settled under the code pleading than that the petition must state facts upon which the plaintiff relies for recovery, and it will not do to seek to recover upon a petition alleging a cause of action sounding in tort, by proof of the breach of a contract, express or implied. (Abbot's Trial Brief, § 1027; Wilson v. Haley Live Stock Co.,153 U.S. 39; DeBolt v. Kansas City, etc., R. Co., 27 S.W. Rep. 575; Miller v Hirschberg, [Ore.] 40 Pac. Rep. 506; Wilkinson v.Pensacola, etc. R. Co., 17 So. Rep. 71; Papeay v. Salt LakeCity, 40 Pac. Rep. 506.)
The evidence which was adduced for the purpose of showing that the agent of the defendants had misled *Page 542 
the plaintiff, or had made a special contract with him, was admitted over the objection and exception of the defendants in error. Upon the motion of the defendants to the court to direct the jury to return a verdict for the defendants this testimony was properly disregarded.
The action of the district court in directing a verdict for the defendants is approved and affirmed.
Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.