C. E. USHER V. THE CHICAGO, ROCK ISLAND & PACIFIC
RAILWAY COMPANY.

No. 13,914.    (80 Pac. 956.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Contract of Passenger Ticket.* A certain rail-
road ticket issued by a railway company and accepted by a
purchaser for transportation held not to import a contract
to carry the purchaser to Lincolnville on the first train leav-
ing Lost Springs after the purchase, but merely to indicate
an undertaking to carry the purchaser to Lincolnville on a
train that, according to the company's time-card, stops at
Lincolnville.

2. ——— *Cases Followed.* The cases of *A. T. & S. F. Rld. Co.
v. Gants,* 38 Kan. 608, 17 Pac. 54, 5 Am. St. Rep. 780, and
*Lee v. Railway Co.,* 67 id. 402, 73 Pac. 110, approved and fol-
lowed.

Error from Marion district court; OSCAR L. MOORE,
judge. Opinion filed May 6, 1905. Affirmed.

*W. H. Carpenter,* for plaintiff in error.

*M. A. Low, W. F. Evans,* and *Paul E. Walker,* for
defendant in error.

The opinion of the court was delivered by

BURCH, J.: The plaintiff sued for damages for his
having been removed from one of the defendant's pas-
senger-trains. He desired transportation from Lost
Springs to Lincolnville, and purchased a ticket afford-
ing him that right, but took a train at Lost Springs
that, under the regulations of the railway company,
did not stop at Lincolnville. After the train was in
motion the conductor advised the plaintiff of the facts,
and offered to carry him beyond Lincolnville to Ma-
rion. The plaintiff declined to go on to Marion, where-
upon the conductor stopped the train and the plaintiff
left it without inviting the use of force. It was rain-
ing at the time, and because of his exposure before

finding shelter he claimed his health was affected. He also claimed that the delay occasioned by the episode caused him to suffer loss. The portion of the plaintiff's petition relating specially to the contract of carriage reads as follows:

"Plaintiff further alleges that on or about the 4th day of October, at about 4:30 P. M., he purchased a ticket of defendant's said agent at Lost Springs, Kan., for the said town or city of Lincolnville, a copy of which ticket is hereto attached and marked 'Exhibit A,' which ticket is a contract on the part of said defendant to carry this plaintiff to the said city of Lincolnville upon the first passenger-train that left the said town of Lost Springs after the purchase of said ticket or the making of said contract between this plaintiff and said defendant."

Throughout the petition the ticket is referred to as a contract for transportation to Lincolnville on the particular train that plaintiff boarded, and the prayer is for damages occasioned "by reason of the failure of the said defendant to perform its said contract by safely transporting plaintiff from said town of Lost Springs to said Lincolnville on its said passenger-train."

The ticket read as follows:

> "CHICAGO, ROCK ISLAND & PACIFIC RY.
> Lost Springs
> C. R. I. & P.
> to
> Lincolnville.
> JNO. SEBASTIAN,
> *Gen'l Tkt. & Pass. Agt.*"

On the trial the plaintiff attempted to introduce evidence of a conversation which he claimed he had with the defendant's ticket agent at Lost Springs, and which, he asserted, authorized him to take the train from which he was ejected. An objection was promptly made that such evidence was not admissible under the pleadings. The court directed that the matter should be passed, but upon a renewal of the offer a little later in the progress of the trial the evidence

was admitted, over the specific objection that it was not admissible under the pleadings. At the close of the plaintiff's case the court sustained a demurrer to his evidence, and that ruling is the sole ground of error presented here.

It was plaintiff's duty to inform himself whether the train that he took stopped at Lincolnville.

"A railroad company may adopt a regulation that one of its through, or fast trains, running regularly on its road, shall stop only at certain designated stations or places.

"It is the duty of a person about to take passage on a railroad-train to inform himself when, where and how he can go, or stop, according to the regulations of the railroad company." (*A. T. & S. F. Rld. Co. v. Gants,* 38 Kan. 608, 17 Pac. 54, 5 Am. St. Rep. 780.)

If any facts existed that required the defendant to carry the plaintiff on a train not scheduled to stop at the point to which he desired to go he should have pleaded them. This, however, he failed to do. While he charged the specific duty to carry him to Lincolnville on a particular train, he pleaded, as the origin of that duty, a definite, printed contract; but the legal effect that he assigned to his ticket did not follow from its terms, or from its issuance and acceptance. Those facts merely established an undertaking to carry him on a train that, according to the company's time-card, stopped at Lincolnville. Having failed to prove that the train from which he was ejected was one that did stop at Lincolnville, or should have stopped there, no breach of duty was disclosed.

Evidently the plaintiff appreciated his predicament when he offered the testimony relating to his conversation with the ticket agent. This evidence, however, was wholly without the issues. The objection to it on that ground should have been sustained, and, nothing appearing in the record to the contrary, it must be held that the court disregarded it when considering the demurrer to the evidence.

In the case of *Lee v. Railway Co.*, 67 Kan. 402, 73 Pac. 110, the syllabus reads:

"A ruling sustaining a demurrer to the evidence will not be reversed notwithstanding sufficient evidence was actually admitted by the trial court to make a *prima facie* case for plaintiff, where a part of the evidence essential for that purpose was incompetent and admitted over proper objection, although it was not formally stricken out and no notice was given plaintiff that it was to be disregarded."

With this evidence eliminated no cause of action against the defendant was proved. There was nothing whatever in the conduct of the defendant showing wantonness, malice, or a wilful purpose to injure, and the demurrer to the evidence was rightfully sustained.

The judgment of the district court is affirmed.

All the Justices concurring.