McCready v. Crane.

ABBA CLAIR McCREADY V. CARRIE CRANE.

No. 14,740.   (88 Pac. 748.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Incompetent—Trial to Court—Reversal of Judgment.* A judgment rendered in a case heard without the intervention of a jury will not be reversed on account of the admission of incompetent evidence, unless the record discloses that there was no competent evidence to support it or in some other way shows affirmatively that the improper evidence affected the result.

2. PLEADING — *Negative Pregnant — Construction — Immaterial Error.* Where a pleading by reason of being in the form of a negative pregnant is technically to be construed as an admission of certain material facts, the refusal of the trial court to give it that construction in a case decided after a full trial upon the merits is not a ground for reversing a judgment where the losing party suffers no injury thereby further than in being deprived of the benefit of such admission.

Error from Chautauqua district court; GRANVILLE P. AIKMAN, judge.  Opinion filed December 8, 1906.  Affirmed.

*J. B. Ziegler,* and *Keplinger & Trickett,* for plaintiff in error.

*W. H. Sproul,* and *John H. Atwood,* for defendant in error.

The opinion of the court was delivered by

MASON, J.:  Carrie Crane was the owner of 320 acres of land in Chautauqua county, Kansas, which she exchanged for three lots in an addition to Los Angeles, Cal., owned by Abba Clair McCready.  Later she brought a suit in Chautauqua county to have the transfer set aside upon the ground that she had been induced to agree to it by false and fraudulent representations concerning the Los Angeles property by which she had been led to believe that it was more desirable than it in fact was.  A trial resulted in a judgment in

·favor of the plaintiff, from which the defendant prosecutes error.

One of the principal grounds upon which a reversal is asked is that there was no substantial evidence of any fraud having been practiced upon the plaintiff. It is unnecessary to review the testimony in detail. It would be difficult to sift out the part that is really important, and much of it bears only remotely if at all upon the controversy. But this fact is beyond dispute: There was competent oral evidence tending to show that a representation was made that the lots were near West Lake park; that their situation with reference to ·that park might reasonably be regarded as a material consideration affecting their desirability; that the plaintiff believed such representation and acted upon it; that the lots in fact were not in the vicinity of the park at all. The plaintiff claims that there was also evidence of misrepresentations in other respects, but for present purposes this claim may be ignored. The testimony already indicated was enough to challenge the consideration of the trial court—to raise an issue of fact—to compel the overruling of a demurrer to the evidence, and consequently it is enough to prevent this court from setting aside the judgment as being without support.

It is true that it was substantially admitted that the plaintiff's husband, acting in her behalf, was taken to the locality of the lots by the defendant's father, acting for her, before the bargain was made; and it is argued that he thus had an opportunity to discover, and must have discovered, that they could not be situated near the park named. Mr. Crane, however, testified that Mr. McCready, while they were upon the ground, told him that they were but two or three blocks away from the park, and that the reason they seemed so far from it was because they had come by a circuitous route. This court cannot undertake to say that his familiarity with the local topography made it im-

possible that he should be imposed upon in this manner. There is nothing therefore in this feature of the case inconsistent with the judgment's being supportable upon the theory already outlined.

It is also urged that if the plaintiff ever had a right to claim the rescission of the contract she lost it by delaying action for too long a period. There was a considerable delay on her part in this respect, but its effect had to be determined in view of all the circumstances of the case, including her own knowledge of her rights and capacity to decide upon a proper course to enforce them—elements concerning which the conclusion of the trial court is not subject to review. We cannot say that the defense of acquiescence was conclusively established.

Complaint is also made of the admission of incompetent evidence. There is no occasion to state its character, for it is not necessary to pass upon the question of its competency. The cause was tried without a jury, and as only a general finding was made we cannot know that the evidence complained of had any influence whatever upon the decision. As was said in *Lee v. Railway Co.*, 67 Kan. 402, 73 Pac. 110, 63 L. R. A 271:

"It is a familiar fact that, especially in matters presented for the determination of a court [without a jury], evidence is often admitted tentatively, the decision being held subject to reconsideration upon the submission of the whole matter. In such a case it is not essential to a review of the result that a definite final ruling be indicated upon each objection made. The court is supposed to consider so much of the testimony as is competent and to disregard the rest." (Page 409. See, also, *Olathe v. Cosgrove*, 71 Kan. 885, 81 Pac. 1131.)

A judgment rendered in a case heard without the intervention of a jury will not be reversed on account of the admission of incompetent evidence, unless the record discloses that there was no competent evidence to support it or in some other way shows affirmatively

McCready v. Crane.

that the improper evidence affected the result. In the absence of such a showing it will be presumed that the trial court was influenced in its decision only by such evidence as was legally admissible. Abundant authority in support of this proposition will be found in the cases collected in volume 3 of the American Digest, Century Edition, columns 2149 to 2153, although not all of them go to the full extent indicated by the head-notes under which they are grouped. For instance, *Robbins v. Sackett*, 23 Kan. 301, is classed with cases holding that "the admission of improper evidence on a trial to the court without a jury is harmless where there is sufficient proper evidence on which to base the decision," whereas, like *Osborne, Ex'r, v. Young*, 28 Kan. 769, it merely decided that such error was rendered immaterial by the fact that the allegation in support of which the objectionable evidence was received was otherwise conclusively established.

A final objection made by plaintiff in error relates to the admission of testimony, and is probably covered by the principle just stated; but as it also involves a matter of pleading it merits separate discussion. The only misrepresentations regarding the lots set out in the petition had regard to their location. In the answer it was alleged that while the negotiations for the trade were pending the plaintiff's husband, as her duly authorized agent, visited the lots, inspected them, and selected them from other lots offered. An amended reply was filed, including a general denial and these special denials, among others:

"Plaintiff further specially denies that her husband, A. J. Crane, as her duly authorized agent visited the lots which were conveyed to the plaintiff; and plaintiff also denies specifically that her said husband as her agent personally inspected the said lots; plaintiff also specifically denies that said A. J. Crane as the agent of plaintiff selected the lots which were conveyed to the plaintiff from other lots which were offered the plaintiff, as alleged in defendant's answer."

At the trial A. J. Crane, the plaintiff's husband, was permitted to testify over objection that the defendant's father, as her agent, had taken him to the vicinity of the lots in question, and had shown him, not these lots, but more desirable ones near by. The defendant urges with much force that this testimony should have been rejected because it related to a character of fraud not hinted at in the pleadings. As we do not know that it influenced in any degree the judgment of the court we cannot say that its admission was material error.

But the defendant contends further that the amended reply should be construed as an admission that the plaintiff's husband did visit, inspect and select the lots, and a denial only that in doing so he was acting as her agent. Granting that this is true, in the plaintiff's opening statement it was made evident that this was not the meaning intended, and the subsequent rulings may be construed as in effect permitting the language of the amended reply to be changed so as to express the real intention of the pleader. The defendant does not show how she suffered prejudice from such course. She did not ask time to produce further evidence, nor indicate in what respect her situation would have been bettered by an earlier knowledge of the plaintiff's claim in this regard. Her father's deposition in her behalf, used at the trial, was taken of course before she had notice of any claim that the wrong lots had been shown, but it was also taken before the amended reply was made, and while there was on file a reply which was practically a mere general denial, and which of course put in issue the question whether the plaintiff's father had visited, inspected and selected the lots. Moreover, in this deposition the witness stated explicitly that he had pointed out the right lots, and other lots as well. The only injury which the defendant appears to have suffered in the matter is in being deprived of the benefit of the plaintiff's inadvertent admission resulting from pleading in the form of a negative pregnant, and of

this no very serious complaint can be made. In view of these considerations we cannot say that any prejudicial error in this respect is apparent.

The judgment is affirmed.

All the Justices concurring.