## GERNERT v. GRIFFIN.

No. 888. Opinion Filed May 9, 1911.

1. **APPEAL AND ERROR—Record—Matters to be Shown by.** This court will not consider an alleged error of the trial court in refusing to sustain a motion to strike out certain testimony introduced without objection, and upon which said motion the court reserved his ruling, where the record does not affirmatively show that the motion was ever acted upon by the court and exceptions taken thereto by the complaining party.

2. **APPEAL AND ERROR—Admission of Incompetent Evidence—Trial Without Jury—Showing of Error.** A judgment rendered in a case heard without the intervention of a jury will not be reversed on account of the admission of incompetent evidence, unless the record discloses that there was no competent evidence to support it or in some other way shows affirmatively that the improper evidence affected the result.

(Syllabus by the Court.)

*Error from District Court, Washita County; James R. Tolbert,*
*Judge.*

Action by Katie E. Griffin against Hiram Gernert and another. Judgment for plaintiff, and defendant brings error. Affirmed.

*Massingale & Duff,* for plaintiff in error.
*Von Der Heiden & Morgan,* for defendant in error.

TURNER, C. J.   On April 5, 1908, Katie E. Griffin, defendant in error, commenced her action against Hiram Gernert, plaintiff in error, and Revere K. Gernert, in the district court of Washita county.   Her petition substantially states that at all times stated therein she was and is the owner of the S. E. ¼ of section 23, in twp. 9 north, range 16 west of the Indian Meridian; that defendants, father and son, were claiming some right, title, or interest therein inferior to that of plaintiff; that on April 21, 1906, in said court she was decreed a divorce against said Revere K. Gernert; that in said decree it was ordered that plaintiff execute a deed of said land to said Gernert, which she did not do, but appealed therefrom, all of which was well known to said Hiram Gernert; that while said cause was pending on appeal in this court said Revere K. Gernert, without consideration and in fraud of her rights, and without intent to cloud her title, executed and placed on record a deed of said land to his father, said Hiram Gernert, who participated in said fraud; that, pending said appeal and pursuant to an agreement between them settling their property rights, she executed and delivered a deed to said Revere K. Gernert of a certain farm belonging to her in Kansas, whereupon—and also pursuant thereto—said Gernert executed and delivered a deed quitclaiming to her any interest he might have in her said lands in Washita county by virtue of said decree, and that thereupon said appeal was dismissed pursuant to said agreement; that she was induced to accept said quitclaim deed by reason of the false statements of said Gernert made to her at the time with intent to defraud, in effect,

that he had not theretofore conveved or incumbered said lands, and that defendants are demanding that her tenant thereupon attorn to them and are trespassing on said land. She prays that defendants be required to set forth their title, if any they have, to said land and that her title thereto be quieted.

To this, on April 13, 1908, Revere K. Gernert disclaimed. Later Hiram Gernert answered, in effect, a general denial; denied specifically any fraud in said conveyance, and as to said land pleaded that he was an innocent purchaser for value and without notice of the pendency of said suit for divorce; that as said decree ordered plaintiff to convey to said Revere K. Gernert within five days and in default said decree should stand as a conveyance, that the same was self-operative and vested in said Gernert the title thereto and right to convey, which he did to defendant; and prayed that his title thereto be quieted.

After reply, in effect, a general denial and that after said compromise the decree of the trial court was modified to conform to said stipulation, there was trial to the court and a decree for plaintiff finding as true the allegations in her petition, and ordering, in effect, that the deed from Revere K. Gernert to Hiram Gernert be set aside, plaintiff's title to said land quieted, that said decree operated to divest and vest title, and that plaintiff have costs. After motion for a new trial filed and overruled defendant brings the case here. The errors assigned are:

"(1). The court erred in overruling the motion of plaintiff in error for a new trial.

"(2). The court erred in permitting the witness, LeRoy Jones, to testify concerning confidential communications had between himself and Revere K. Gernert, at a time when the said LeRoy Jones was employed by the said Revere K. Gernert as his attorney.; said testimony concerning the confidential communications being given without the consent of said Revere K. Gernert.

"(3). The court erred in stopping the trial before the plaintiff in error had concluded the instruction of his evidence, and awarding judgment in favor of defendant in error, before the conclusion of the trial."

For the reason that plaintiff in error declines to discuss them

separately, but confines his discussion to the second assignment, we will do likewise. On this point the record discloses that, while plaintiff was attempting to prove a fraudulent conveyance between the Gernerts of the land in question, said Jones, a witness for plaintiff, testified that, while he was attorney for Revere K. Gernert, the grantor, he, prior to said conveyance, told witness that he expected to do business in his father's name because he (Revere) had creditors; that this testimony went in without objection after which counsel for defendant moved to strike it out; that the court reserved his ruling, which was not thereafter invoked and no ruling was thereafter made thereon, and of course no execution saved to such rulings. This was, in effect, a waiver of said motion. *Ecker v. Ecker*, 22 Okla. 873.

In *Ecker v. Ecker, supra,* plaintiff moved the court to refer the cause, with directions to the master to find upon a certain issue. The first alleged error complained of was that the court refused to sustain the motion. The motion was never acted upon by the court and of course no exception saved to the action of the court thereon. On this state of the record the court said:

"If plaintiff permitted the court to proceed to judgment without acting upon his motion, he waived his right to have the same acted upon; and, in the absence of affirmative showing by the record that the same was acted upon adversely to plaintiff, and exceptions taken thereto at the time, this court cannot review the same."

But, assuming that incompetent evidence was thus admitted, we will not, where, as here, a cause is tried to the court, reverse on that account, unless it is apparent from the record that the competent evidence was insufficient to support the decree, or in some other way show affirmatively that the improper evidence affected the result. *McReady v. Crane,* 74 Kan. 170; *J. J. Miller et al. v. Milan G. Foster, ante.* This for the reason that it will be presumed, unless the contrary appears from the record, that the court in reaching its conclusions considered only such evidence as was legally admissible. *Gemmel v. Fletcher,* 76 Kan. 584—citing: *McReady v. Crane,* 74 Kan. 710, 88 Pac. 748; *Lee v. Railway Co.,* 67 Kan. 402, 73 Pac. 110, 63 L. R. A. 271; *City of Olathe v.*

*Cosgrove,* 71 Kan. 885, 81 Pac. 1131; *Osborne, Ex'r v. Young,* 28 Kan. 769.

This is not shown or attempted, and since we are satisfied from examination that the competent evidence was sufficient to support the decree of the court sitting as a chancellor, and that fraud in the conveyance was fairly presumed from the facts, the decree is affirmed.

All the Justices concur.