### JOHNSON et al. v. ALEXANDER.

No. 4936—Opinion Filed Aug. 8, 1917.

Rehearing Denied Oct. 17, 1917.

(167 Pac. 989.)

1. Indians—Action to Cancel Conveyance—Minority of Allottee—Evidence—Census Card.

In an action to cancel conveyances on an allotment on account of the minority of the allottee at the time of the execution of such conveyances, the "census card" of the allottee is not competent evidence on the question of age of such allottee, unless it affirmatively appears from the card itself, or by the certificate of the proper office, that the "census card" constitutes the complete "enrollment record" of such allottee.

2. Appeal and Error—Consideration of Objections—Motion for New Trial—Waiver.

Objections and questions not timely made and raised in the trial of a cause and presented to the trial court will not be considered on appeal, nor will objections which were not raised and presented in a motion for a new trial be considered on appeal, but such objections will be deemed to have been waived by the party seeking to take advantage of them.

### 3. Appeal and Error — Review—Admission of Incompetent Evidence.

A judgment rendered in a cause that was tried to the court without the intervention of a jury will not be disturbed on account of the admission of incompetent evidence where there is sufficient competent evidence to support such judgment, and where it does not affirmatively appear that the judgment was based on, or affected by, the incompetent evidence.

### 4. Infants — Majority Pending Action — Effect.

Where an action is pending in the name of the minor by next friend, and during the pendency of said cause the minor attains his majority, such action does not abate, nor is the attaining of majority by such minor cause for dismissal of the action, and a motion to dismiss upon that ground is properly overruled.

### 5. Indians — Cancellation of Conveyance — Age—Evidence.

The order of a probate court discharging a guardian on the ground that the ward had reached his majority is not competent evidence to establish the age of such ward in a subsequent action to cancel conveyances of his lands executed after such order of discharge.

(Syllabus by Pryor, C.)

Error from District Court, Hughes County; John Caruthers, Judge.

Action to quiet title by Willie Alexander, by his next friend, Izora Lee, against J. Coody Johnson, Cortland L. Long, and others, with cross-petition by defendant, Long. Default judgment rendered on cross-petition against plaintiff was vacated on his motion, and there was judgment for plaintiff on the merits, and defendants bring error. Affirmed.

See, also, 54 Okla. 160, 153 Pac. 627.

John W. Willmott and J. A. Baker, for plaintiffs in error.

Blanton & Andrews and J. B. Thompson, for defendant in error.

Opinion by PRYOR, C. This action was commenced in the district court of Hughes county on the 8th day of October, 1909, by Willie Alexander by his next friend, Izora Lee, defendant in error, against the plaintiffs in error to quiet title on certain lands, lying in Hughes county, of the said Willie Alexander, by having declared void certain deeds and conveyances purported to convey said lands to the plaintiffs in error. The parties will be referred to as plaintiff and defendants as they appeared in the trial court.

The plaintiff, Willie Alexander, is a Creek freedman duly enrolled as such, and had allotted to him his proportionate share of the lands of said nation—the land in controversy. The ground for having declared void the conveyances executed by him to the defendants was that the said Willie Alexander, allottee, was a minor at the time of the execution of the said deeds and conveyances.

The only issue tried in the court below was the issue of the age of the said plaintiff, Willie Alexander, at the time of the execution of said conveyances. The defendant Cortland L. Long filed a cross-petition claiming to be the owner of said lands and asking for the possession of the same. On the 30th day of March, 1911, a default judgment was rendered on cross-petition of defendant Cortland L. Long against the plaintiff, Willie Alexander, and in favor of the defendant Cortland L. Long, declaring the said Long to be the owner and entitled to the immediate possession of said land. On the 30th day of October, 1911, plaintiff, Willie Alexander, filed a motion to have the said default judgment vacated and set aside, and the court, after taking the consideration of said motion under advisement, rendered its judgment on the 2d day of February, 1912, vacating and setting aside said judgment. On the 10th day of April, 1912, the cause came on for hearing upon its merits between all the parties to said action, and the court after hearing said cause took the same under advisement and rendered its judgment on the 28th day of September, 1912, in favor of the plaintiff, Willie Alexander, and against the defendants, canceling and decreeing that all of the conveyances executed by the said plaintiff were null and void for the reason that the said plaintiff, allottee, was a minor at the time of the execution of the same. From this judgment the defendants appeal to this court.

The defendants make the following assignments of error upon which they contend this cause should be reversed: (1) That the court erred in vacating its former judgment. (2) That the court erred in not dismissing the action when it appeared during the progress of the trial that the plaintiff, Willie Alexander, had reached his majority. (3) That the court erred in admitting incompetent evidence offered in behalf of the plaintiff. (4) That the court erred in excluding competent evidence offered in behalf of the defendants. These assignments of error will be considered in the order above set out.

1. It is contended by the defendants that the judgment of the court vacating and set-

ting aside its former judgment is erroneous, and this cause should be reversed for that reason. This assignment of error is not contained in the defendants' motion for a new trial, and was not presented to the court below in urging a new trial of said cause. This court on appeal will not consider errors assigned here which were not presented in a motion for a new trial to the trial court. Masoner et al. v. Bell, 20 Okla. 618, 95 Pac. 239, 18 L. R. A. (N. S.) 166; Boston Loan & Trust Co. v. Organ et al., 53 Kan. 386, 36 Pac. 733-736; Sarlls v. Hawk et al., 46 Okla. 343, 148 Pac. 1030; Walton et al. v. Kennamer, 39 Okla. 629, 136 Pac. 584. But in order to avoid the force and effect of the above rule the defendants contend that the question is jurisdictional; that the proceeding to vacate said judgment was not sufficient to give the trial court jurisdiction to hear and determine whether or not the former judgment should be set aside and vacated, and for that reason it was not necessary to present this question to the trial court in the motion for a new trial. The pleading filed by the plaintiff to have said judgment set aside is designated a motion. This motion contained all the essential allegations and requisites of a petition; while designated a motion, in substance, it is a petition. In determining the legal effect of a pleading, the court will consider the substance and not the form. It is the contention of the defendants that the proceeding for vacating the judgment prescribed by the statute is that a petition must be filed and a summons issued thereunder the same as in an original action. The defendants were served with written notice of the hearing to vacate and appeared and contested the same on trial thereof, without making any objection to the mode of summons or the form of proceeding. In the pleading the plaintiff specifically alleges the grounds upon which he relies to have said judgment vacated which are sufficient in law.

It is the further contention of the defendants that the verification of the plaintiff's pleadings to have said judgment set aside is defective. None of these objections were raised and urged at the hearing of said motion. The defendants seemed satisfied with the proceedings on hearing thereof to vacate said judgment. Having failed to properly attack the proceedings in the trial court and the method of bringing them in court, they will be deemed on appeal to have waived the same, unless the proceedings were wholly insufficient to give the trial court jurisdiction. The proceedings were sufficient in law to give the trial court jurisdiction to hear and determine the same and therefore will not be disturbed here. Doughty v. Funk, 24 Okla. 312, 103 Pac. 634; Emery v. Bennett, 97 Kan. 490, 155 Pac. 1075; Spaulding v. Thompson, 60 Okla. 136, 159 Pac. 509.

2. It is the contention of the defendants that the court erred in not dismissing said cause when it was disclosed by the evidence during the trial that the plaintiff had reached his majority. The rule seems to be well established that where an action is commenced by a minor, by his next friend or guardian, and the minor reaches his majority during the pendency of the cause, the cause does not abate, and the arriving at majority by the minor is not grounds for dismissal of said cause. Bernard v. Pittsburg Coal Co., 137 Mich. 279, 100 N. W. 396; 22 Cyc. 671.

The proper procedure seems to be in the case where a minor becomes of age during the pendency of the cause to strike the name of the guardian or next friend from the record and leave the cause standing in the name of the minor, but under the above authorities if this is not done it is a mere irregularity which does not affect the substantial rights of the other party, and therefore not prejudicial error. No doubt, where it is made to affirmatively appear to the court that it would materially affect the substantial rights of the defendants to allow the cause to proceed by the next friend after the minor, plaintiff, had reached his majority, it would be the duty of the court to require the plaintiff to continue the prosecution of the suit in his own name.

The only objection made by the defendants to the cause proceeding in the name of the minor by next friend upon the evidence disclosing that the minor had reached his majority was the presenting of a motion to dismiss. The trial courts are only required to pass upon the objections and questions properly made and presented, not those that might properly have been made. As the action did not abate upon the minor's attaining his majority, and the same was not grounds for the dismissal of said cause, the trial court correctly applied the law in overruling the motion to dismiss.

3. The defendants contend that the court erred in admitting over the objections of the defendants incompetent evidence offered by the plaintiff. The specific complaint in this regard is to the admission on the question of the age of plaintiff the "census card" of the said allottee. Section 3, Act. Cong. May 27, 1908 (35 Stat. 313, c. 199), makes the

"enrollment records" of the Five Civilized Tribes conclusive as to age concerning transactions transpiring after the taking effect of said act. While the "census card" may, in many instances, contain the "enrollment records," it is not the "enrollment records," and is not admissible in evidence as such unless it appears from the card itself or is affirmatively shown by the certificate of the Commissioner of the Five Civilized Tribes that the "census card" constitutes the whole "enrollment record." |Scott v. Brakel, 43 Okla. 655, 143 Pac. 510; Sharshontay v. Hicks, 62 Okla. 1, 166 Pac. 881. The admission of this card was erroneous, and would be grounds for the reversal of this cause if it were not for the following reasons:

This is an equitable action to quiet title and the rules of evidence and procedure applicable to actions in the nature of equitable actions govern the admission of evidence and the determination of its force and effect. In an equitable action which is always tried by the court without the intervention of a jury, the admission of incompetent evidence is not reversible error, and the judgment of the trial court will not be disturbed on appeal, unless it appears that the judgment is based upon incompetent evidence or the result is affected thereby, where there is sufficient competent evidence to sustain such judgment, and, further, the same will not be disturbed if, after excluding the incompetent evidence, the judgment is not against the weight of the competent evidence. Gernert v. Griffin, 28 Okla. 733, 116 Pac. 439; Tobin v. O'Brieter, 16 Okla. 500, 85 Pac. 1121; Kennedy v. Pawnee Trust Co., 34 Okla. 140, 126 Pac. 549. The reason for this rule is, it will be presumed, unless the contrary appears, that the court considered only competent and legal evidence in arriving at its conclusion. Gernert v. Griffin, supra; Gemmel v. Fletcher, 76 Kan. 584, 92 Pac. 713, 93 Pac. 339; McCready v. Crane, 74 Kan. 710, 88 Pac. 748. For these reasons the admission of the copy of the rolls filed in the county clerk's office and the guardian's bond was harmless error.

A careful examination of the evidence in the record discloses that the judgment of the lower court is not against the weight of the competent evidence, excluding the above incompetent evidence.

4. The defendants complain that the court erred for the reason that the court excluded as incompetent a certified copy of the probate order approving the final report of the guardian of the plaintiff and discharging said guardian for the reason that the ward had reached his majority. The material part of this order is as follows:

"Now comes on for approval report filed by guardian 4—17—1906, and the court having examined the same being fully advised doth approve same and discharge said guardian as ward is of age."

The order bears date of October 21, 1906. This was offered in behalf of the defendants to show that the plaintiff had reached his majority on the 31st day of October, 1906. When a controversy over some right between parties has been determined by judicial decree, the law considers such controversy finally settled. If either party attempts to raise in another action the question adjudicated by the former judgment, the former judgment is admissible in evidence to prove the former adjudication, and is conclusive as to the issues determined by it. The law permits only one trial on an issue between the same parties and their privies. But a judgment to be binding on parties must be a judgment determinative of some issue in controversy between the parties, and it must be determinative of some issue, question, dispute or right which the law recognizes as subject to final determination by the courts.

While the age of the minor, in a proceeding to discharge the guardian for the reason that such minor had attained his majority, is subject to judicial determination for the purpose of discharging the guardian, such judgment would not fix the minor's age for other purposes. Such judgment is not the result of a controversy between the parties over issues such as the law requires of those judgments which are given probative value. The order discharging the guardian is not a judgment resulting from a contest between the parties to this action or any other action or between any parties in any action. It is an order procured by a proceeding ex parte in its nature, and is not binding or competent evidence against the minor in an action concerning his subsequent transactions. It lacks the quality of finality and conclusiveness which those judgments have that are admissible in evidence. The principle that such order is not competent evidence on the question of age of a minor is supported by the principle announced by the United States Supreme Court in the case of Mutual Benefit Life Insurance Co. v. Tisdale, 91 U. S. 238, 23 L. Ed. 314, that the letters of administration on the insured estate is not legal evidence to prove the death of the insured in an action brought by the beneficiary named in the policy. By analogy, the same

principle would apply to this case. The probate court must be satisfied that a party is dead before it can grant letters of administration on his estate, and it must be satisfied that the minor has reached his majority before it can make an order discharging the guardian. Both are conditions precedent to the making of the orders. Therefore there was no error in excluding said order.

Neither is the exclusion of the testimony of J. Coody Johnson error offered apparently for the purpose of impeaching certain testimony of Willie Alexander. A party seeking to impeach a witness on the ground that he has made statements contradictory to his evidence must first lay a foundation by asking definitely the witness, if he did not make contrary statements, fixing the time, place, and person to whom the statements are supposed to have been made. If the witness expressly denies making such statements, then the impeaching witness must be asked whether or not the witness made such statements. This must be done with such clearness and definiteness as to prevent confusion and give both witnesses a thorough understanding as to the time, place, and occasion and statements purported to have been made. It seems that these requirements were not met by defendants. Further, before this court can consider the exclusion of particular testimony to determine whether or not there was error, the records must disclose what that testimony would have been if admitted. It does not appear. Farmers' Product & Supply Co. v. Bond, 61 Okla. 244, 161 Pac. 181, and cases cited.

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.