W. M. WILKES, Appellant, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellee.

**CARRIERS: Carriage of Passengers—Wrongful Ejection.** A passenger who has a ticket good only on trains scheduled to stop at his destination, and is induced, by the fault of the carrier's agent, to board a train that does not stop at such station, may sue the carrier in tort, in case he is ejected from the train.

*Appeal from Mahaska District Court.*—CHARLES A. DEWEY, Judge.

APRIL 1, 1924.

ACTION for damages for being wrongfully ejected from defendant's train. From a judgment on a directed verdict for defendant, the plaintiff appeals.—*Reversed.*

*Edward A. Schmidt* and *Thomas J. Bray,* for appellant.

*Devitt & Eichhorn, J. G. Gamble,* and *A. B. Howland,* for appellee.

VERMILION, J.—The petition alleged, in substance, that the plaintiff purchased from the defendant a first-class railroad ticket, for passage from Iowa City to Oxford, stations in Iowa on defendant's line of railroad, and immediately thereafter, with the knowledge and consent of defendant, entered and be-

came a passenger upon one of defendant's trains at Iowa City, for the purpose of being transported to Oxford; that he presented the ticket to defendant's train conductor, who took it up and punched it; that thereafter, and after the train had proceeded a considerable distance from Iowa City, the defendant wrongfully, unlawfully, and maliciously expelled and ejected plaintiff from the train. Plaintiff's freedom from contributory negligence is alleged. The place of his ejectment was described, and damages, both actual and exemplary, were claimed.

The defendant answered by a general denial, and alleged that the plaintiff boarded a through train, that, according to the schedules of the defendant, did not stop at Oxford; that such through train preceded another train that did stop at Oxford. It denied that plaintiff boarded the train with the knowledge or consent of the defendant, and alleged that "it is the invariable custom of defendant to have a brakeman or other member of the train crew in charge of the operation of its trains at such points of the train where passengers are permitted to board, and such employees are there for the purpose of answering inquiries by intended passengers," and that, if plaintiff did not know that the train he boarded did not stop at Oxford, he could have ascertained the fact from defendant's agent at Iowa City or from any member of the train crew in charge of the train; that, upon the presentation of plaintiff's ticket, the conductor immediately informed plaintiff that the train did not stop at Oxford, and stopped the train, so that plaintiff could alight and take the later local train.

By way of reply, plaintiff denied any knowledge of the train schedules on defendant's road, or any knowledge that the train he boarded did not stop at Oxford, and alleged that he inquired of defendant's ticket agent at Iowa City if he could get a train to Oxford which would enable him to transact his business there and return to Iowa City in the evening; that the ticket agent told him that such a train would arrive in a few minutes, and he thereupon purchased a ticket from Iowa City to Oxford; that, in a few minutes, a train arrived, going in the direction of Oxford, and plaintiff went to the point where passengers were being received on the train; that a brakeman was stationed there, who asked plaintiff where he was going; that

plaintiff replied that he was going to Oxford, and thereupon the brakeman permitted plaintiff to board the train and become a passenger thereon: and it was alleged that defendant was thereby estopped to assert that such train did not stop at Oxford.

On the trial, the evidence on behalf of plaintiff tended to show that the plaintiff was a traveling salesman, and that, on the afternoon of the day in question, he went to defendant's ticket agent at its station in Iowa City, and asked the agent if there would be a train on which he could go to Oxford that afternoon, so that he could work Oxford and get back to Iowa City for the night, as he wanted to go out on another train leaving Iowa City next morning; that the agent said there would be a train along in a little bit, and that plaintiff handed him the money, and he gave plaintiff a ticket to Oxford; that, in about thirty minutes, a train arrived, headed in the direction of Oxford, and plaintiff followed the crowd out on the platform, and went with others to the rear door of the smoking car, where there was a brakeman standing at the steps, with his hand on the rail; that the brakeman asked plaintiff, "Where to?" and plaintiff replied, "Oxford," whereupon the brakeman stepped back, and plaintiff boarded the train, and sat down; that, after the train left the station, the conductor passed through the car, taking up tickets, and plaintiff gave him the ticket he had purchased of the agent at Iowa City, and the conductor punched the ticket and kept it, and passed on one or two seats, punching other tickets; that he then came back to plaintiff, and asked, "Where are you going?" that plaintiff said, "Oxford, Iowa," and the conductor replied, "Not on this train, you are not;" that plaintiff informed the conductor that he had a ticket to Oxford which the conductor had taken up, and that he had told the brakeman where he was going, and the latter let him get on the train; that the brakeman denied this; that the conductor told plaintiff that the train did not stop at Oxford, and, in the presence of other passengers, repeatedly ordered plaintiff to "cut out this talk and get off here," and stopped the train at a point some two miles from Iowa City, and required the plaintiff to alight. We do not refer to all the circumstances attending plaintiff's ejectment, or the situation in which he was placed

on alighting, as they are not material to the question presented.

At the close of plaintiff's evidence, the court sustained a motion on behalf of the defendant for a directed verdict in its favor. This ruling presents the only question on this appeal.

It is the contention of the appellee that the petition alleged a cause of action in tort for the wrongful ejection of plaintiff from the train, and that the evidence failed to establish a wrongful ejectment, but showed, at most, only a breach of the contract evidenced by the plaintiff's ticket; that plaintiff could, in any event, recover only for a breach of contract, and could not recover for that in this action.

There is a lack of uniformity in the holding of the courts as to the situation and rights of one who, holding a ticket entitling him to be carried to a particular station, is directed by an agent of the carrier to take a train that does not stop at that station, and, upon doing so, is by the conductor ejected from the train. It is well settled that, in the absence of statutory regulation, a railway company has a right to adopt a schedule for the operation of its trains according to which certain trains do not stop at all stations on its line. *Atchison, T. & S. F. R. Co. v. Gants,* 38 Kans. 608 (17 Pac. 54); *Noble v. Atchison, T. & S. F. R. Co.,* 4 Okla. 534 (46 Pac. 483); *Black v. Atlantic C. L. R. Co.,* 82 S. C. 478 (64 S. E. 418); *White v. Evansville & T. H. R. Co.,* 133 Ind. 480 (33 N. E. 273); *Chicago, St. L. & P. R. Co. v. Bills,* 104 Ind. 13 (3 N. E. 611).

It is also an established rule that it is the duty of one about to board a train to inform himself whether, according to the schedule under which it is operated, it stops at the station to which he wishes to go, and that, if he does not do so, and fails to avail himself of the means at hand to ascertain that fact, and gets upon a train that does not stop at the station to which he is going, he is wrongfully upon the train. *Atchison, T. & S. F. R. Co. v. Gants,* supra; *Usher v. Chicago, R. I. & P. R. Co.,* 71 Kans. 375 (80 Pac. 956); *Noble v. Atchison, T. & S. F. R. Co.,* supra; *Duling v. Philadelphia, W. & B. R. Co.,* 66 Md. 120 (6 Atl. 592); *Black v. Atlantic C. L. R. Co.,* supra; *Chicago, St. L. & P. R. Co. v. Bills,* supra.

It has been held that the conductor of a train, when presented with a ticket entitling one to be carried to a station at

which the train is not scheduled to stop, in obedience to his instructions and the rules of the company, and on the refusal of the person presenting the ticket to leave the train at a regular stop short of his destination, or to pay the additional fare to a regular stop beyond that point, has a right to stop the train and to require such person to alight, using such force as is reasonably necessary. *Atchison, T. & S. F. R. Co. v. Gants,* supra; *Usher v. Chicago, R. I. & P. R. Co.,* supra; *Noble v. Atchison, T. & S. F. R. Co.,* supra; *Drew v. Wabash R. Co.,* 129 Mo. App. 459 (107 S. W. 478).

And, coming to the question presented here, there are cases holding that, since the conductor acts within his power and authority in ejecting one who presents a ticket to a station at which the train does not stop, and is required to act only on the situation presented by the ticket and the rules of the carrier, the person ejected can recover, not for the ejectment, but only for the misdirection, or for a breach of the contract evidenced by his ticket. *Noble v. Atchison, T. & S. F. R. Co.,* supra; *Atchison, T. & S. F. R. Co. v. Gants,* supra; *Usher v. Chicago, R. I. & P. R. Co.,* supra; *Virginia & S. W. R. Co. v. Hill,* 105 Va. 729 (54 S. E. 872). See, also, *Seaboard Air Line R. Co. v. Patrick,* 10 Ala. App. 341 (65 So. 437) ; *Drew v. Wabash R. Co.,* supra.

It has been held in some cases that, although an intended passenger is misdirected by an agent of the carrier as to what train he should take, the agent had no authority to bind the company or to waive its regulations, and there can be no recovery. *Runyon v. Pennsylvania R. Co.,* 74 N. J. L. 225 (68 Atl. 107) ; *White v. Evansville & T. H. R. Co.,* supra.

On the other hand, it has been held that, where one who has a ticket good only on trains scheduled to stop at his destination is, by the fault of the carrier's agent, induced to take a train that does not stop at such station, and as a consequence is ejected by the conductor, he has a right to recover from the company as for a tort, in being wrongfully ejected, and is not limited to an action for breach of contract merely. *Pittsburg, C. & St. L. R. Co. v. Reynolds,* 55 O. St. 370 (45 N. E. 712) ; *Central R. & B. Co. v. Roberts,* 91 Ga. 513 (18 S. E. 315) ; *McGinnis v. Missouri Pac. R. Co.,* 21 Mo. App. 399. See, also,

*Pennsylvania Co. v. Bray*, 125 Ind. 229 (25 N. E. 439) ; *Hufford v. Grand Rapids & I. R. Co.*, 64 Mich. 631 (31 N. W. 544) ; *Duling v. Philadelphia, W. & B. R. Co.*, supra; *Gorman v. Southern Pac. Co.*, 97 Cal. 6 (31 Pac. 1112) ; *Pittsburg, C. & St. L. R. Co. v. Hennigh*, 39 Ind. 509; *Northern Pac. R. Co. v. Pauson*, 70 Fed. 585.

The conflict in the cases arises, in some instances, from the fact that the court has looked alone to the act of the conductor in ejecting a traveler presenting a ticket entitling him to be transported to a station at which the train did not stop, and, finding it to be one which he was authorized or required to do, by instructions or regulations which the carrier was entitled to promulgate, has reached the conclusion that his act was not wrongful. As pointed out in the case of *Pittsburg, C. & St. L. R. Co. v. Reynolds,* supra, this reasoning ignores the fact that the question is not between the complaining party and the conductor, but between such party and the company, and that the conductor's act may be one required of him by the company and yet one that the company itself, in the situation presented, had no right to do. The conductor, acting on the situation presented to him of a person offering a ticket to a station at which he was not permitted to stop the train, may have been required to eject him from the train, while the defendant, by reason of having induced the person to take that particular train, had no right to do so. The act of the conductor in ejecting the passenger may be rightful from his standpoint, and yet wrongful from the standpoint of the company, where, acting through another authorized agent, it had directed the passenger to take the train. The act of the conductor cannot be rightful as against the passenger, when the company is responsible for the mistake of the passenger in taking the wrong train.

In the cited case, a very convincing illustration is presented. It is said :

"The question may be simplified by eliminating the fact of agency in each instance : that is, by supposing that the common carrier in each instance acts for himself or itself. Here, no mind would doubt but that the carrier, having instructed the passenger to take one of his trains, with knowledge of his destination, would be a wrongdoer, should he, on discovering

his own mistake, eject him from the train, on the ground that he had taken the wrong train. But the intervention of an agent, by whom the act is done in each instance, does not change the case; for each act of the agent done in the scope of his agency must be imputed to the principal,—is, in law, the act of the principal.''

It is further said in that case that, when the company, by the act of a proper agent, causes a passenger to take a train that does not stop at his station, it must be held to have contemplated that, under the instructions given its conductor, the passenger would be put off the train as soon as the error should be discovered. And, speaking of the contingency that the company might be made liable by the act of its conductor in following its rules, where the appearances on which he acted were created by the fault of another agent, of which he had no knowledge, it was said to be a risk incident to the privilege of making rules, and that it, rather than an innocent person, should suffer for the fault of the agent that caused the mistake.

Where a carrier, through a duly authorized agent, directs or consents that a traveler whose destination is known shall take a train that, under its schedules, does not stop at such station, we do not perceive how it can be said that the traveler is not rightfully on the train, or that the subsequent act of the carrier, through another agent, in ejecting him, is not wrongful, even though the latter agent, on the situation as presented to him, acted under instructions and regulations which the carrier had a right to issue. See *Fitzgibbon v. Chicago & N. W. R. Co.,* 108 Iowa 614.

Some of the cases holding to the contrary are grounded on the want of authority of the agent or employee giving the misdirection to bind the carrier. No such question arises in this case; for the defendant alleged that it was its invariable custom to have an employee at the point where passengers were permitted to board its trains, for the purpose of answering inquiries by intended passengers; and the evidence tended to show that a brakeman so stationed, with knowledge of plaintiff's destination, consented, or by his conduct gave implied direction, that plaintiff should board the train, to be carried to Oxford.

Some of the cases cited above hold that the only remedy of

one who is directed by an agent of the carrier to take the wrong train is for a breach of contract. But where he is directed by an agent having actual or apparent authority so to do, and with knowledge of his destination, to take a particular train, he is, as we have said, rightfully a passenger on the train; and his ejectment, for no other cause than that the train does not stop at the station to which he is going, is wrongful, and for this wrong he may recover in an action in tort. In *Central R. & B. Co. v. Roberts,* supra, it was held that a recovery may be had for the injury as a tort, as a breach of a public duty by a common carrier, although there is also involved a breach of contract.

What has been said disposes of the contention that there was a fatal variance between the cause of action set up in the petition and that established by the evidence.

Since we hold that, if the plaintiff was upon the train by the direction or with the knowledge and consent of the authorized agent of the defendant, and with the knowledge of his destination, he was rightfully a passenger thereon, and may recover for a wrongful ejection, the evidence clearly presented a case for submission to the jury. The case is reversed and remanded.—*Reversed and remanded.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.