No. 29,099.

CYNTHIA J. BUCHAN, *Appellant,* v. R. C. BOLTE, *Appellee.*

(284 Pac. 374.)

Opinion filed February 8, 1930.

*William Keith* and *Lester Wilkinson,* both of Wichita, for the appellant.

*V. Harris* and *M. P. Shearer,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover damages for false representations which induced a land trade. A demurrer was sustained to plaintiff's evidence, and she appeals.

A. H. Bolte and R. C. Bolte were brothers, and owned lots in Wichita on which a business building stood. Plaintiff owned lots on which a dwelling house stood. In June, 1921, plaintiff traded her lots for the Bolte lots. The lots rented for $150 per month, and continued

to rent for $150 per month until May, 1926. The value stated in the deed was $20,000, and the proof was the lots were worth $20,000. A. H. Bolte died in 1925. After his death plaintiff claimed she discovered he had made misrepresentations which induced plaintiff to make the trade. R. C. Bolte spent some time in California each year. Although he was in Wichita from August, 1925, to June, 1926, from August, 1926, to April, 1927, and from August, 1927, to April, 1928, except twenty-six days, plaintiff did not get around to suing him for his brother's fraud until April 4, 1928, nearly seven years after the trade was consummated.

Plaintiff was deaf and dumb at the time the trade was made—had been so all her life. The first negotiation with A. H. Bolte was conducted in writing. By her own testimony, plaintiff identified the writings, which were not signed, and which purported to be statements by A. H. Bolte and by plaintiff. Plaintiff also testified to oral false representations made by A. H. Bolte at the first interview, although no interpreter was present, and testified to false representations made at subsequent interviews. There were no actionable false representations in the writings. Proof of oral representations and proof of reliance on them consisted solely of plaintiff's testimony given at the trial.

The answer alleged that in the transaction with plaintiff A. H. Bolte and R. C. Bolte were partners and joint contractors, and the relation was not denied under oath or otherwise. At the beginning of plaintiff's testimony defendant objected that she was not a competent witness. The court overruled the objection and stated that to save time the objection would be considered as extending to all questions relating to transactions with A. H. Bolte. The court heard all the evidence plaintiff had to offer, and then, as indicated, sustained the demurrer. The statute reads as follows:

"No person shall be allowed to testify in his own behalf in respect to any transaction or communication had personally by such party with a deceased person, . . . nor shall such party or assignor be competent to testify to any transaction had personally by such party or assignor with a deceased partner or joint contractor, when such surviving partner or joint contractor is an adverse party." (R. S. 60-2804.)

Plainly the objection to testimony of plaintiff concerning her dealings with A. H. Bolte should have been sustained. Presumably the court disregarded the evidence improperly admitted when the demurrer was sustained. (*Lee v. Railway Co.*, 67 Kan. 402, 73 Pac. 110; *Usher v. Railway Co.*, 71 Kan. 375, 378, 80 Pac. 956; *Mc-*

*Cready v. Crane,* 74 Kan. 710, 712, 88 Pac. 748; *Gemmel v. Fletcher,* 76 Kan. 577, 92 Pac. 713, 93 Pac. 339; *Broadie v. Carson,* 81 Kan. 467, 469, 106 Pac. 294.)

No excuse was given for not calling the interpreter who translated the communications between plaintiff and A. H. Bolte; and eliminating plaintiff's testimony, she had no case.

The judgment of the district court is affirmed.